---

Argued March 28, affirmed April 11, 1916.

## PINDER *v.* WICKSTROM.*

(156 Pac. 583.)

**Damages—Assessment—Pleading and Proof.**

1. The admission of evidence of the amount plaintiff was obliged to pay for physician's services in treating him for alleged injuries is not error, though the reasonableness of the charges was not pleaded.

**Appeal and Error—Record—Bill of Exceptions.**

2. Under Section 171, L. O. L., providing that the objection must be stated with so much of the evidence or other matter as is necessary to explain it, but no more, where, in an action for injuries from a collision between plaintiff's motorcycle and an automobile driven by defendant, a bill of exceptions complaining of evidence that broken glass from the left-hand side light of the automobile was found in the road about 4 feet from the ditch on the left-hand side of the road does not set out any of the circumstances under which the broken glass was observed, when it was seen by the witness, nor what bearing it

---

*As to rules of the road governing vehicles proceeding in opposite directions, see note in 41 L. R. A. (N. S.) 322.          REPORTER.

may have on the issues of the case, it does not show that the admission of the evidence was erroneous.

**Appeal and Error—Presentation of Questions—Rulings on Evidence.**

3.   In an action for injuries in a collision between the plaintiff's motorcycle and an automobile driven by defendant, objection to questions to a witness as to what he did after the accident in reference to plaintiff, as incompetent, irrelevant and immaterial, is too general to be considered on appeal.

**Highways—Use for Travel—Actions for Injuries—Questions for Jury —Contributory Negligence.**

4.   Whether the driver of a motorcycle who observed an automobile approaching him on the wrong side of the road was negligent in failing to stop his machine at once, was a question for the jury; he being entitled to assume that the driver of the automobile would turn in time to avoid injury, especially in view of Laws of 1911, page 267, Section 13, providing that every vehicle shall be kept on the right half of the highway when the view ahead is not clear for at least 100 yards.

> [As to rights and duties of pedestrians and vehicles in high- ways, see note in Ann. Cas. 1914A, 249.   As to law of road as to vehicles going in same direction, see note in Ann. Cas. 1913A, 833.]

From Multnomah: JOHN P. KAVANAUGH; Judge.

Department 1. Statement by MR. JUSTICE BENSON.

This is an action by Harvey Pinder against I. G. Wickstrom for damages arising out of personal injuries received by plaintiff upon a collision of the motorcycle ridden by him with an automobile driven by defendant.   Plaintiff's contention is that while he was riding in a careful manner, traveling south at a moderate speed, the defendant traveling north negligently kept his vehicle on the wrong side of the road, and failed to make any effort to pass him on the right or to yield him any of the road in passing, and that such want of care was the proximate cause of the injuries received.   Defendant insists that he was obeying the rules of the road and driving carefully, and that defendant was hurt by his own negligent and reckless conduct.   From a verdict and judgment for plaintiff, defendant appeals.            AFFIRMED.

For appellant there was a brief over the names of *Mr. Cicero M. Idleman* and *Mr. L. W. Behrman,* with an oral argument by *Mr. Idleman.*

For respondent there was a brief over the names of *Mr. J. C. Simmons* and *Mr. R. E. Dennison,* with an oral argument by *Mr. Simmons.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. The first assignment of error complains that the court erred in admitting evidence of the amount which plaintiff is obligated to pay for the physician's services in treating him for the alleged injuries, for the reason that the reasonableness of such charges is not pleaded. It is elementary that there must be evidence tending to prove that such items of special damages are reasonable, but our attention has not been called to any authorities. requiring it to be pleaded. On the contrary, a well-considered case cited by defendant says:

"It was not necessary to allege that the amounts paid were reasonable charges, but in making proof of them it was necessary to show that they were reasonable": *I. & G. N. Ry. Co.* v. *Boykin,* 32 Tex. Civ. App. 72 (74 S. W. 93).

The court, therefore, did not err in admitting such evidence.

2. The second error alleged relates to the testimony of the witness Leo Cables, who, over the objection of the defendant, testified that broken glass from the left-hand side light of the automobile was found by him in the road about 4 feet from the ditch on the left-hand side of the road going north. The bill of exceptions does not set out sufficient of the evidence to give us any light upon the circumstances under which

this broken glass was observed.   We cannot say therefrom when it was seen by the witness nor what bearing it may have had upon the issues of the case. Section 171, L. O. L., requires that:

"The objection shall be stated with so much of the evidence or other matter as is necessary to explain it, but no more."

It has been repeatedly held by this court that the entire transcript of the testimony will not be considered except upon a motion for nonsuit or a direct verdict: *Hahn* v. *Mackay,* 63 Or. 100 (126 Pac. 991). Consequently the record does not show that the ruling was erroneous.

3. The next assignment of error is based upon the following record in the bill of exceptions:

"Afterward, and while the same witness was upon the stand giving testimony on behalf of the plaintiff, the following proceedings were had:

"Q. Mr. Cables, what did you do after the accident in reference to Mr. Pinder?

"This was objected to as incompetent, irrelevant and immaterial.   Whereupon the court made the following statement: 'Except as to showing his condition, that is all, and an exception is allowed.'   Whereupon the witness was allowed to and did testify as follows:

"A. Tried to get him out of the water of the ditch.

"Q. Who, if anybody assisted you?

"This was objected to by the attorney for the defendant as incompetent, irrelevant and immaterial, which objection was overruled and an exception allowed, and thereupon the witness was allowed to testify that Ralph Christensen helped him.   Whereupon the attorney for the plaintiff propounded the following question:

"Q. Tell the jury what you did there in getting him out of the water and his condition.

"This was objected to by the attorney for the defendant as incompetent, irrelevant and immaterial, which objection was overruled by the court and an ex-

ception allowed, and the witness testified in answer to the said question that the plaintiff was lying in the water and was left there until 11 or 12 o'clock, although accompanied by the two witnesses Cable and Christensen, all of which was done to the prejudice of the defendant herein.''

It will be noted that the objections are not specific and give no hint of the element in the questions which make them irrelevant or incompetent. An objection of this sort is unavailing: *State* v. *Von Klein,* 71 Or. 159 (142 Pac. 549, Ann. Cas. 1916C, 1054). It is true that the last answer indicates that the things mentioned took place a considerable time after the accident and might be regarded as somewhat remote, but this is not indicated in the questions and no action was taken against the answers.

4. Coming, then, to a consideration of the motions for nonsuit and directed verdict, it appears from the argument that they are both based upon the testimony of the plaintiff himself, who testified in substance that he saw the defendant coming toward him for a distance of 800 or 900 feet; that he was going on a slightly rising grade, at a speed of possibly 20 miles per hour; that defendant was coming on the wrong side of the road; that he could have stopped the motorcycle before the collision occurred, but thought that when he got near enough to justify it the defendant would turn and give him half of the road; and that defendant did not change his course or yield any portion of the road, and when it was too late to avoid the collision he was struck and crowded into the ditch. Defendant contends upon the motion and also in requested instructions, which were refused, that the failure of plaintiff to stop his machine while the opportunity was open to him constituted negligence which would defeat a recovery. We cannot agree with this

contention, for it was clearly a question for the jury, under all the evidence, to say whether or not there was negligence, and in this connection we adopt the language of Mr. Justice BARNES in *Muehlbauer* v. *Klokner,* 161 Wis. 410 (154 N. W. 624), which says:

"Here, according to the evidence which the jury had a right to believe, the buggy in which the plaintiff was riding was not only on the right side of the traveled track, but was to the extreme right of such track when the accident occurred. It is not at all certain that by stopping she would have improved the situation or prevented the collision. She had a right to assume, until it was perhaps too late, that defendant's driver would not 'hog' all of the road, but would turn out in time to prevent what occurred. She also had a right to assume that the teamster was not blind, and that he was paying some attention to where he was going, without an alarm being shouted at him. Persons riding in horse-drawn vehicles are not obliged to carry trumpets with them. * * This court held at an early day, in *Wood* v. *Luscomb,* 23 Wis. 287, where the facts were more favorable to the defendant than they are here, that it was not contributory negligence as a matter of law for a person driving on the right side of a street to fail to stop before the collision occurred. There may be cases where the contrary should be held, but under the facts in the instant case we are of the opinion that the contributory negligence of the plaintiff was a jury question."

In addition to this general rule, it may be noted that in the present case the defendant contended that by reason of road conditions he was unable to see the plaintiff in time to avoid the accident, and if, as plaintiff's evidence tends to prove, defendant was on the wrong side of the road, he was violating the statute which says:

"Every vehicle shall be kept upon the right half of the street, road or highway traveled when the view

ahead is not clear for at least one hundred yards'':
Laws 1911, p. 267, § 13.

We conclude that there is no substantial error in the
record, and the judgment is affirmed.     AFFIRMED.

MR. JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR.
JUSTICE HARRIS concur.