Argued and submitted January 6, decision of Court of Appeals affirmed, judgment of circuit court affirmed in part and reversed in part and case remanded to circuit court for further proceedings May 22, 2003

Tom RATHGEBER
and Karen Rathgeber,
*Petitioners on Review,*

*v.*

JAMES HEMENWAY, INC.,
dba Hemenway Realtors/
Better Homes & Gardens;
and William Zobel,
*Respondents on Review,*

*and*

OREGON EXTERMINATING COMPANY, INC.,
aka Oregon Exterminators;
and Charles C. Odedo,
*Defendants.*

(CC 16-98-20193; CA A108783; SC S49068)

69 P3d 710

Frank C. Gibson, Eugene, argued the cause and filed the briefs for petitioners on review. With him on the briefs was C. Edward Gerdes, Jr.

Janet M. Schroer, of Hoffman, Hart & Wagner, LLP, Portland, argued the cause for respondents on review. With her on the brief was Marjorie A. Speirs.

Phil Goldsmith, of Law Office of Phil Goldsmith, Portland, filed a brief on behalf of *amici curiae* Oregon Consumer League and Oregon Trial Lawyers Association. With him on the brief was Charles Robinowitz.

Andrea L. Bushnell, Salem, filed a brief on behalf of *amicus curiae* Oregon Association of Realtors. With her on the brief was Matt Farmer.

Robert M. Atkinson, Assistant Attorney General, Salem, filed a brief on behalf of *amicus curiae* State of Oregon. With him on the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Cheryl A. Pellegrini, Attorney-in-Charge, Financial Fraud/Consumer Protection Section.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

BALMER, J.

---

** Leeson, J., resigned January 31, 2003, and did not participate in the decision of this case.

## BALMER, J.

Plaintiffs brought this action against James Hemenway, Inc., and William Zobel (defendants)[1] for breach of fiduciary duty and violation of the Unlawful Trade Practices Act (UTPA), ORS 646.005 to 646.652, following plaintiffs' employment of Zobel, a real estate associate of James Hemenway, Inc., as their buyer's agent in the purchase of a home. A jury returned a verdict for plaintiffs on both claims and awarded economic damages and noneconomic damages for emotional distress. Because plaintiffs had prevailed on their UTPA claim, the trial court entered an order awarding them attorney fees under the UTPA. Defendants appealed, and the Court of Appeals reversed the judgment for violation of the UTPA, the award of noneconomic damages, and the award of attorney fees. *Rathgeber v. James Hemenway, Inc.*, 176 Or App 135, 30 P3d 1200 (2001). We allowed plaintiffs' petition for review. As explained below, we conclude that plaintiffs failed to prove a violation of the UTPA and failed to plead and prove a claim for emotional distress damages. Accordingly, we affirm the decision of the Court of Appeals, although on somewhat different grounds.

### FACTS

We summarize the facts as set out in the Court of Appeals opinion. Plaintiffs, Tom and Karen Rathgeber, planned to move from Portland to Lane County and decided to purchase a home in a rural area. Plaintiffs hired Zobel, an associate with Hemenway Realtors, to assist them in purchasing that home and described to him the type of home that they desired to purchase. ORS 696.820 (1997), in effect at the time of the events in this case, required that agents such as Zobel provide sellers and buyers with the agency disclosure form set out in *former* ORS 696.830 (1997), *repealed by* Or Laws 2002, chapter 300, section 84.[2] Zobel provided plaintiffs with that form, which stated, in part:

---

[1] Plaintiffs also named Charles Odedo and the Oregon Exterminating Company, Inc., as defendants. Neither appeared in the trial court, and that court entered a default judgment against them. Neither appealed nor sought review.

[2] In 2001, the legislature repealed ORS 696.830, and amended ORS 696.820, Or Laws 2001, ch 300, § 48, which now requires that agents provide a copy of an agency disclosure pamphlet written by the Real Estate Commissioner.

"A buyer's agent has the affirmative obligations [under ORS 696.810]:

"(1) To the buyer: The fiduciary duties of loyalty, obedience, disclosure, confidentiality, reasonable care and diligence, and accounting in dealing with the buyer.

"(2) To the buyer and to the seller: Honest dealing and disclosure."

Zobel and Tom Rathgeber signed the disclosure form.

Zobel showed plaintiffs approximately 50 properties. Plaintiffs made offers to purchase four properties, and the sellers of one of those properties accepted. After discovering various problems with that property, plaintiffs refused to proceed with the purchase. The sellers brought an action for specific performance, which the parties eventually settled. Plaintiffs then filed this action against defendants. The Court of Appeals described the evidence at trial:

"[P]laintiffs presented evidence that Zobel failed to adequately investigate the property to discover foundation problems; failed to procure a dependable dry rot report; relied on a dry rot report that should have been questioned; failed to bring to plaintiffs' attention potential problems with the roofing and a loose light-switch cover that he noticed; failed to insert in the purchase offer a contingency clause related to the sale of plaintiffs' Portland home; failed to provide plaintiffs a property disclosure statement at the proper time; glossed over electrical problems and trash discovered on the property after plaintiffs took possession; pressed plaintiffs to proceed to closing despite plaintiffs' reservations; and failed to tell plaintiffs at any time that they had five days to rescind the transaction."

*Rathgeber*, 176 Or App at 139. The jury determined that defendants had breached their fiduciary duty to plaintiffs and had violated the UTPA. It awarded $13,600 in economic damages and $20,000 in noneconomic damages for emotional distress. The trial court then awarded plaintiffs their attorney fees under the UTPA. *See* ORS 646.638(3) (court may award reasonable attorney fees to prevailing party in UTPA action). As noted, the Court of Appeals reversed the judgment for violation of the UTPA, the award of emotional distress damages, and the award of attorney fees.

## UNLAWFUL TRADE PRACTICES ACT CLAIM

Plaintiffs alleged that defendants willfully represented to them that defendants' "services as buyer's agents had qualities of competence and diligence that [the services] did not have." According to plaintiffs, when Zobel told them that he would act as a buyer's agent on their behalf and gave them the disclosure form listing the fiduciary duties of a buyer's agent, he represented to them that he would fulfill that fiduciary duty competently and diligently. Plaintiffs assert that Zobel pressured them to close on the purchase of the property in spite of problems with the property and plaintiffs' concerns about it, and that he otherwise failed to act competently and diligently, as summarized above. Plaintiffs argue that defendants violated the UTPA by willfully representing that their services would have the qualities of diligence and competence of a buyer's agent when the services did not, in fact, have those qualities.

Defendants respond, first, that ORS 646.612(1) prevents the statutory disclosure form from providing the basis for an action under the UTPA because that statute provides that the UTPA does not apply to "[c]onduct in compliance with * * * a statute administered by a federal, state or local governmental agency." According to defendants, because ORS 696.820 (1997) required them to provide plaintiffs with the disclosure form, its contents cannot support a UTPA claim.

Second, defendants argue that, even if ORS 646.612(1) does not prevent the statutory disclosure form from providing the basis for a UTPA claim, plaintiffs failed to introduce any evidence that defendants willfully made any misrepresentations about the qualities of the services that they provided plaintiffs. According to defendants, the only evidence of wrongdoing in this case is evidence that Zobel breached his fiduciary duty as a buyer's agent.[3] Defendants contend that evidence that Zobel breached a duty that he owed to plaintiffs cannot, standing alone, support a UTPA claim.

---

[3] As noted, the jury found that Zobel had breached his fiduciary duty to plaintiffs. Defendants did not challenge that determination on appeal.

■ The provision of the UTPA at issue here is ORS 646.608(1)(e), which provides, in part:

> "A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person does any of the following:
>
> "* * * * *
>
> "(e) Represents that * * * services have * * * qualities that they do not have or that a person has a * * * qualification * * * that the person does not have."

To prevail on a claim under that paragraph, a plaintiff must prove that a defendant willfully represented that the defendant had qualifications that the defendant did not have or that the defendant's services had qualities that those services did not have. As noted above, plaintiffs assert that the actionable representations in this case were (1) Zobel's statement that he would act as plaintiffs' buyer's agent, and (2) the statutory disclosure form. For the reasons discussed below, we conclude that the trial court erred in denying defendants' motion for a directed verdict and submitting the UTPA claim to the jury.

■ First, we address defendants' argument that ORS 646.612(1) prevents the statutory disclosure form from providing the basis for a UTPA claim under ORS 646.608. The Court of Appeals agreed with defendants on that issue. *Rathgeber*, 176 Or App at 141. Plaintiffs and *amici curiae* State of Oregon, Oregon Consumer League, and Oregon Trial Lawyers Association argue that the Court of Appeals misconstrued that statute. As noted, that statute provides that "[c]onduct in compliance with * * * a [state] statute" cannot violate ORS 646.608. Plaintiffs and *amici* argue that, although ORS 696.820 (1997) required defendants to provide plaintiffs with the disclosure form, the act of providing the form is not the "conduct" that plaintiffs allege violated the UTPA. Instead, the UTPA violation that plaintiffs alleged is based on the representation that Zobel would fulfill certain fiduciary duties identified on the statutory disclosure form *and* Zobel's subsequent failure to do so. That conduct, plaintiffs assert, would permit the inference that Zobel never

intended to provide services with the qualities that he represented that those services would have. We agree with plaintiffs and *amici* that ORS 646.612(1) does not bar plaintiffs' claim. No statute required Zobel to breach his fiduciary duty to plaintiffs or to act in any manner that was inconsistent with that duty. The conduct that plaintiffs contend gives rise to this cause of action, therefore, was not "[c]onduct in compliance with * * * a [state] statute[,]" and ORS 646.612(1) does not preclude plaintiffs from relying on the statutory disclosure form to support their UTPA claim.

We now turn to the question whether the trial court erred in denying defendants' motion for a directed verdict. At the outset, we note that

> "[t]his court reviews the denial of motion for a directed verdict for any evidence to support the verdict in plaintiff's favor. * * * This court cannot set aside a jury's verdict unless there was no evidence from which the jury could have found the facts necessary to establish the elements of plaintiff's cause of action."

*Woodbury v. CH2M Hill, Inc.*, 335 Or 154, 159, 61 P3d 918 (2003). Like a trial court considering a motion for a directed verdict, we do not weigh the evidence but, rather, "consider all the evidence, including reasonable inferences drawn therefrom, in the light most favorable to the party opposing the motion." *Bolt v. Influence, Inc.*, 333 Or 572, 578, 43 P3d 425 (2002). If plaintiffs' evidence, including the reasonable inferences that can be drawn from that evidence, would permit a jury to find facts establishing the required elements of plaintiffs' UTPA claim, then we must affirm the verdict.

We now consider the elements of plaintiffs' UTPA claim and the evidence adduced to support them. As noted, ORS 646.608(1)(e) makes unlawful a representation that "services have * * * qualities * * * or that a person has a * * * qualification" that they do not, in fact, have. The Court of Appeals analyzed plaintiffs' claim as though it were based on an alleged representation that Zobel had a "qualification" that, in fact, he did not have. *Rathgeber*, 176 Or App at 140. However, the allegations in the amended complaint, the jury instructions, and the judge's colloquy with counsel regarding defendants' motion for a directed verdict all demonstrate that

plaintiffs' claim was based on defendants' alleged representation that defendants' services had "qualities" that they did not have. The jury instruction on that issue stated:

> "To recover, the plaintiffs must prove the following three elements by a preponderance of the evidence concerning their claim of unlawful trade practice:
>
> "* * * * *
>
> "Second, that the defendants willfully engaged in the unlawful practice, in that the defendants violated the [UTPA] by willfully representing to plaintiffs that *defendants' services as buyer's agents had qualities of competency and diligence that they did not have.*"

(Emphasis added.) The amended complaint alleged that defendants "violated the provisions of the [UTPA] by willfully representing to plaintiffs that their *services as buyer's agents had qualities of competence and diligence that they did not have.*" (Emphasis added.) We conclude that the record reflects that the trial court sent the allegation to the jury as that allegation was presented in plaintiffs' amended complaint.

■ As noted, plaintiffs argue that the statutory disclosure form and Zobel's agreement to act as plaintiffs' buyer's agent, by implying that Zobel would act in compliance with his fiduciary duty as a buyer's agent, represented to plaintiffs that defendants' services had qualities of competence and diligence that those services did not have.[4] An actionable representation under the UTPA may be express or implied. *See* ORS 646.608(2) ("A representation under [ORS 646.608(1)] may be any manifestation of any assertion by words or conduct, including, but not limited to, a failure to disclose a fact."). Plaintiffs' complaint thus provided a basis for them to introduce evidence that the defendants' representations violated the UTPA. Plaintiffs argue that they presented evidence at trial that the services Zobel provided to them lacked the qualities of competence and diligence.

■■ The problem with plaintiffs' argument is that defendants' representations violated the UTPA only if, at the time

---

[4] Plaintiffs do not rely on any other, later acts or statements by Zobel.

that they were made, defendants knew or should have known that their services did not have the qualities defendants represented them to have. ORS 646.638(1) establishes a party's right to bring an action for damages for a UTPA violation:

> "[A]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of *willful* use or employment by another person of a method, act or practice declared unlawful by ORS 646.608 or 646.648, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater."

(Emphasis added.) Thus, a private party who seeks to recover damages for a UTPA violation must plead and prove a "willful" violation of the statute by the defendant. "A willful violation occurs when the person committing the violation knew or should have known that the conduct of the person was a violation." ORS 646.605(10).[5] Here, however, plaintiffs acknowledged that they had not submitted evidence that, at the time of Zobel's agreement to act as plaintiffs' buyer's agent, he knew or should have known that he would not perform his duties as a buyer's agent competently and diligently. That is, plaintiffs introduced evidence that Zobel breached his fiduciary duty by failing to provide services that had the qualities of competence and diligence, but they introduced no evidence that he knew or should have known that he would do so at the time that he made representations to plaintiffs regarding the qualities of his services.

*Amicus* State of Oregon argues that the evidence of defendants' breach of fiduciary duty shows conduct so far out of compliance with that duty that the jury could infer that, at the time that Zobel represented that he would act as plaintiffs' buyer's agent and would provide the attendant quality of services, he did *not* intend to provide services of that quality. The state further argues that a single act of misconduct can be sufficient to support the finding of a UTPA violation. We agree that a single act of misconduct, in certain circumstances, can be sufficient to support a finding that an actor

---

[5] We note in passing that, although a private plaintiff may bring a UTPA claim only if it has suffered an "ascertainable loss of money or property" as a result of a "willful" violation of the statute, the ascertainable loss and willfulness requirements do not apply when the state brings a UTPA claim. *See* ORS 646.632 (describing state UTPA enforcement processes).

did not intend to act in compliance with a promise made. However, plaintiffs in this case twice acknowledged to the jury that the misconduct here would not support the conclusion that Zobel *knew or should have known* that he would breach his fiduciary duty *at the time of the representations* alleged in this case.[6] Given those acknowledgments, plaintiffs were not entitled to have the jury consider their claim of a willful violation of the UTPA.

For the foregoing reasons, we conclude that plaintiffs failed to establish that Zobel willfully made a representation that would allow them to recover damages under the UTPA. The trial court, therefore, erred in denying defendants' motion for a directed verdict on plaintiffs' UTPA claim. Because we conclude that plaintiffs cannot succeed in their UTPA claim, we do not address the question whether emotional distress damages are recoverable under that statute. The trial court's award of attorney fees was based on the judgment for a violation of the UTPA. Because we conclude that plaintiffs failed to prove such a violation, we also affirm the Court of Appeals' reversal of the award of attorney fees to plaintiffs.

## EMOTIONAL DISTRESS DAMAGES FOR
## BREACH OF FIDUCIARY DUTY

■ Plaintiffs argue that they properly were awarded emotional distress damages arising from their claim for breach of fiduciary duty. As plaintiffs acknowledge, Oregon allows recovery for emotional distress without accompanying physical injury under narrow circumstances, including when a defendant's conduct infringes on a plaintiff's legally protected interest. *See Hammond v. Central Lane*

---

[6] In his opening statement, plaintiffs' counsel stated:

"We're not arguing that [Zobel] was dishonest or that he intentionally withheld information, we're just saying that he was careless and he did not live up to the statutory standards."

In closing argument, plaintiffs' counsel further stated:

"I want to say a word before I finish about our [UTPA] claim, the second claim. It doesn't ask for anything more than the breach of fiduciary duty claim, but it's important that you hold [in] our clients' favor on that; because if you do, it gives the Court a chance to award attorney fees that they have incurred in this case. That's the point of it."

*Communications Center*, 312 Or 17, 23, 816 P2d 593 (1991) (so stating). Plaintiffs argue that defendants infringed on their legally protected interest created by the disclosure requirements and delineation of agency duties of ORS 696.810 (1997), ORS 696.820 (1997), and ORS 696.830 (1997). The purpose of enacting the disclosure requirements, plaintiffs contend, was to protect real estate consumers. According to plaintiffs, Zobel's failure to fulfill his duties as a buyer's agent is the type of harm that the agency disclosure requirements are designed to prevent. Thus, plaintiffs conclude that they had a legally protected interest in having Zobel act as a buyer's agent on their behalf. If Zobel failed to act on their behalf, plaintiffs argue, and breached the duties that he owed to them, then he infringed on that protected interest, giving rise to liability for emotional distress damages.

Defendants respond that plaintiffs cannot recover under the "legally protected interest" rule set out in *Hammond*. They assert that the legally protected interest rule is not the proper analytical framework for the issue presented in this case. Instead, defendants assert that plaintiffs' claim for emotional distress damages should be analyzed within the framework of this court's decision in *Curtis v. MRI Imaging Services II*, 327 Or 9, 956 P2d 960 (1998), and that, when considered within that framework, plaintiffs' claim fails.

In *Curtis*, the plaintiff alleged that the defendant, by negligently performing a medical procedure, caused the plaintiff severe emotional harm. The plaintiff alleged no physical injury; the parties argued the case within the framework of a claim for negligent infliction of emotional distress. This court determined, however, that the proper analytical framework for the case was professional malpractice because "the most obvious claim stated by the pleadings [was] a straightforward claim for medical malpractice." *Curtis*, 327 Or at 13. This court went on to hold that, to state a claim for emotional distress damages in a medical malpractice setting not involving physical harm, a plaintiff must plead and prove a standard of care that includes a duty to protect against psychic harm. *Id.* at 14-15.

Defendants ask us to apply the reasoning in *Curtis* to all types of professional malpractice, not just to medical malpractice. According to defendants, if a medical professional, in the absence of a specific duty, does not have a general duty to protect patients against psychic harm, a real estate professional also does not have that general duty. Because plaintiffs failed to plead or prove any duty of real estate professionals to protect their clients from emotional harm, defendants argue, plaintiffs have failed to establish a claim for emotional distress damages.

The Court of Appeals did not decide whether this case should be analyzed under the legally protected interest rule of *Hammond* or under the duty to protect rule of *Curtis*. *Rathgeber*, 176 Or App at 145. Instead, that court concluded that, under either rule, plaintiffs' emotional distress claim could not succeed.

We first address the proper analytical framework within which to analyze plaintiffs' claim for emotional distress damages. In *Hammond*, the plaintiff brought separate claims for negligent and reckless infliction of emotional distress. Emotional harm was the only harm alleged. This court affirmed summary judgment for the defendant, holding that a plaintiff cannot recover emotional distress damages for negligent infliction of emotional harm without pleading and proving that the defendant had violated a "legally protected interest" of the plaintiff. *Hammond*, 312 Or at 24.[7] In *Curtis*, the parties argued their case within the framework of the legally protected interest rule in *Hammond*. However, this court recognized that the claim properly was characterized as a malpractice claim, not as a claim for negligent infliction of emotional distress, and analyzed the claim in the framework of a malpractice case.

In this case, the pleadings allege a breach of fiduciary duty by a real estate professional acting for a client in a business relationship. Plaintiffs sought economic and emotional distress damages arising from that breach of fiduciary

---

[7] This court also affirmed the grant of summary judgment on the plaintiff's claim for reckless infliction of emotional distress, because the plaintiff had failed to show that the defendant's conduct was anything more than negligent. 312 Or at 27-28.

duty. It is clear from the pleadings that plaintiffs' claim for breach of fiduciary duty is, essentially, a claim for real estate professional malpractice.[8] Plaintiffs alleged (and proved to the satisfaction of the jury) that Zobel had failed to meet the standard of care of a real estate professional. Thus, the professional malpractice analysis in *Curtis* is the proper framework within which to analyze this case.

In *Curtis*, this court held that the plaintiff's claim survived summary judgment because the claim "invoke[d] specific duties imposed on a group of medical professionals to guard against recognized *medical* risks that happen to be psychological in nature." *Curtis*, 327 Or at 15 (emphasis in original). This court further stated:

> "Our holding should not be read to mean that medical professionals operate under a general duty to avoid any emotional harm that foreseeably might result from their conduct. In that regard, their duty is no greater than that of the population at large. But, where the standard of care in a particular medical profession recognizes the possibility of

---

[8] This court stated in *Georgetown Realty, Inc. v. Home Ins. Co.*, 313 Or 97, 110 n 7, 831 P2d 7 (1992):

> "The parties have referred to plaintiff's second claim as a claim for 'breach of a fiduciary duty.' This is a correct appellation in the same sense that one would state a claim for 'breach of a physician's duty,' 'breach of a lawyer's duty,' or 'breach of a landlord's duty.' In each case, the duty is one created by law, the duty is one that arises from the relationship between the parties, and the action is in the nature of an action on the case.
>
> "The form of action for a claim against a fiduciary for breaching a duty of care arising from the relationship is not materially different from a claim against a physician, a lawyer, or an engineer for breaching a duty of care arising from such a relationship. Notwithstanding repeated references by this and other courts to a 'breach of a fiduciary duty,' the form of action is the same, and the theory of recovery—breach of the duty of care that the law implies from the relationship—is the same."

The fact that the fiduciary duty of a real estate licensee acting as a buyer's agent is set out in ORS 696.810 does not alter the conclusion that the breach of fiduciary duty claim in this case is the equivalent of a professional malpractice claim. The fiduciary duty described in the statutes is nothing more than a codification of the common law of fiduciary duties of buyer's agents. *See* ORS 696.855(1) ("ORS * * * 696.800 to 696.855 * * * shall not directly, indirectly or by implication limit or alter any preexisting common law or statutory right or remedy including actions for fraud, negligence or equitable relief."). Moreover, the real estate statutes specifically provide that they do not affect "[c]ommon law and statutory remedies." ORS 696.855(3).

adverse psychological reactions or consequences as a medical concern and dictates that certain precautions be taken to avoid or minimize it, the law will not insulate persons in that profession from liability if they fail in those duties, thereby causing the contemplated harm."

*Id.* at 15-16. Thus, in the absence of allegations that the standard of care requires something more, medical professionals have no unique duty to avoid emotional harm.

 Applying the analysis in *Curtis* to this case, we conclude that if, in the absence of a particular standard of care, doctors do not have the general duty to guard against emotional harm, then real estate professionals similarly do not have that general duty. It is always foreseeable that some emotional harm might result from the negligent performance of real estate professional services, as it might from legal, accounting, or other varieties of professional malpractice. That possibility, however, cannot give rise to emotional distress damages unless a standard of care that includes the duty to protect a client from emotional harm governs the professional's conduct. Because plaintiffs did not plead such a duty, the trial court erred in denying defendants' motion to strike plaintiffs' request for emotional distress damages.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.