Argued and submitted March 16, judgment for plaintiff for damages reduced to $910.50; otherwise affirmed August 11, 2004

# Mark William LEA,
*Respondent,*

*v.*

# FARMERS INSURANCE COMPANY OF OREGON,
*Appellant.*

01CV0040; A119351

96 P3d 359

Thomas M. Christ argued the cause and filed the briefs for appellant.

K. R. Olin argued the cause for respondent. With him on the brief was Olin & Margolis, P. C.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Plaintiff sustained injuries in an automobile accident caused by an underinsured motorist. In this action, he sought to recover damages from his own insurer, defendant Farmers Insurance Company of Oregon, according to the underinsured motorist terms of his policy. At the close of plaintiff's case, defendant moved to strike the claim for damages for medical expenses because plaintiff failed to produce any evidence that the expenses were for necessary treatment or that the amount charged was reasonable. The trial court denied the motion and defendant then presented its case. The jury found in favor of plaintiff. Defendant appeals, assigning error to the court's denial of the motion to strike. It also appeals from the supplemental judgment awarding plaintiff attorney fees. We modify the judgment.

Initially, the parties disagree over our standard of review. Defendant argues that whether plaintiff can recover his medical expenses without offering any evidence that they were reasonable and necessary is a legal question that we review for errors of law. Plaintiff, citing *Tadsen v. Praegitzer Industries, Inc.*, 324 Or 465, 468, 928 P2d 980 (1996), maintains that, because the trial court denied a motion to strike, we must view the evidence and reasonable inferences from it in the light most favorable to plaintiff, the nonmoving party, and affirm the denial if there is any evidence to support it. In fact, both parties are correct. To the extent that resolving this case requires us to decide whether a court has no option but to grant the motion if plaintiff presents no evidence that his expenses were reasonable and necessary, the question is one of law. To the extent that resolving the case requires us to decide whether plaintiff has, in fact, met that evidentiary burden, we employ the "any evidence" standard proposed by plaintiff. *Id.*; Or Const, Art VII (Amended), § 3.

We begin with the legal question. In *Tuohy v. Columbia Steel Co.*, 61 Or 527, 532, 122 P 36 (1912), the Supreme Court held unequivocally that "a plaintiff in a case involving personal injuries can recover, as a part of his damages, his reasonable expenses for medicines and medical treatment, but there must be some evidence that the charges are reasonable." Subsequent cases reaffirm that unequivocal

holding. In *Pinder v. Wickstrom*, 80 Or 118, 156 P 583 (1916), the defendant, a motorist, argued that the plaintiff could not recover damages for medical expenses caused by the defendant because the plaintiff did not plead that the amount of the expenses was reasonable. *Id.* at 120. The court found in favor of the plaintiff, noting that, although reasonableness of medical expenses need not be pleaded, nonetheless "[i]t is elementary that there must be evidence tending to prove that such items of special damages are reasonable." *Id.* In *Coblentz v. Jaloff*, 115 Or 656, 239 P 825 (1925), the plaintiff in a personal injury case testified as to the amount he paid to cover medical services but not as to its reasonableness. The court held,

> "It is true that there is ample evidence as to the extent and nature of the services rendered, and many cases hold under such circumstances the jury is permitted to draw a reasonable inference as to the reasonable value of the same; but this court in *Tuohy* * * * held that 'a plaintiff in a case involving personal injuries can recover, as a part of his damages, his reasonable expenses for medicines and medical treatment, but there must be some evidence that the charges are reasonable.' The rule thus announced was approved in the later case of *Pinder* * * *, and is supported by many other authorities * * *. In the light of these decisions it was error to have submitted this item to the jury as an element of damages."

*Id.* at 665-66. And in *Mathews v. City of La Grande*, 136 Or 426, 299 P 999 (1931), a personal injury case stemming from an allegedly defective sidewalk, the defendant argued that the court erred in allowing the plaintiff to testify regarding the reasonableness of the amounts he had paid in medical expenses. In rejecting that assignment of error, the court cited the language in *Tuohy* quoted above. *Id.* at 430.

Plaintiff does not cite any case that explicitly or implicitly overrules *Tuohy*. Rather, he suggests that more recent cases indicate a modern tendency to disregard overly strict rules in general and that a minority of other states have a different rule. We find neither of these arguments to be relevant or persuasive. Further, plaintiff argues that we should adopt the rule that evidence of the amount of the expenses is itself evidence of their reasonableness because modern

jurors, unlike those in the *Tuohy* era, can be presumed to know what is or is not reasonable because of their own experience. That argument is also unpersuasive; indeed, given the proliferation in treatment modalities and the fact that a significant number of medical expenses today are paid by insurance companies and not individuals, we would conclude that a contemporary juror may be less capable of knowing what charges are reasonable than was a juror in 1912. We therefore conclude that the trial court erred in denying defendant's motion to strike the claim for damages for medical expenses.

■       That conclusion, however, does not end the inquiry. Plaintiff maintains that, even if the court erred in allowing the issue of damages to go to the jury, that error was cured or waived by judicial admissions that defendant made in its closing argument. Those statements were as follows:

"What are [plaintiff's] economic damages and what are [plaintiff's] non-economic damages? And be assured we have a significant disagreement with them about that.

"We don't begrudge [plaintiff] one bit for going to the emergency room. Not one bit. He should have done that. We're glad he did. Really glad he did. Because it helps us understand a little bit about what's going on in this accident. Helps give some perspective about what actually happened in this accident.

"\* \* \* \* \*

"Typically what you see is the lawyer asking the doctor, 'Doctor, in your opinion, was the treatment that you provided to [plaintiff] reasonable in amount, the amount itself, and was it necessarily incurred as a result of this accident' Answer 'Yes' or 'No.' Not one doctor on their side was ever asked that question. Not one time.

"They offered you a list of medical bills. \* \* \* They offered you no assistance at all on the issue of whether or not the medical bills are reasonable and necessary.

"Notwithstanding that, I tell you we do not begrudge this gentleman the right to go to the emergency room. He had an expense for that. And if you get to that question you ought to award that emergency room visit to him.

"\* \* \* \* \*

"When you get—when and if you get to that claim of economic damages, I'd like you to look at the exhibit that is one page and outlines the exact economic medical bills that are claimed and make your own informed decision about which, if any of those, were proven, first of all. And make sense to you. We don't begrudge him the emergency room visit one little bit.

"And there was a $200.50 bill for the CT scan and the x-ray. We don't begrudge him those things. Beyond that we have a serious disagreement about the claim of medical bills that have been incurred since this accident."

■■ A judicial admission is a statement "made by a party or his attorney for the purpose of dispensing with proof of a fact in issue." *Foxton v. Woodmansee*, 236 Or 271, 278, 386 P2d 659 (1963), *reh'g den,* 236 Or 283 (1964). " 'It is of the nature of an admission, plainly, that it be by intention an act of waiver, relating to the opponent's proof of the fact, and not merely a statement of assertion or concession, made for some independent purpose.' 9 Wigmore, Evidence, § 2594, 596 (3d ed.)." *Erwin v. Thomas*, 267 Or 311, 313, 516 P2d 1279 (1973). Here, defendant argues that the statements were made for strategic purposes in an attempt to mitigate the consequences of what it regarded as an erroneous ruling. That may be true; however, the *purpose* of the statements (that is, the aim of the strategy) was to tell the jury that it need not consider the reasonableness of the emergency room, CT scan, or x-ray charges. That is, the apparent strategy was to urge the jury to award those damages that defendant admitted were reasonable, and to ask the jury carefully to scrutinize and reject the other damages. The statements were an admission that, when viewed most favorably to plaintiff, would allow the jury to conclude that the specified medical expenses were reasonable. Defendant called the jury's attention to the "list of medical bills," contained in the record as exhibit 7, and admitted that two items on that list contained reasonable expenses. Those items were $1,064.80 for the emergency room and $200.50 for "imaging." The court's error, then, was cured with respect to $1,265.30 of the damages. *See State v. Cheek*, 240 Or 323, 326, 401 P2d 27 (1965) (error in admitting inadmissible evidence may be cured by subsequent admission).

■     Further, to the extent that the jury reached a verdict and the court entered a judgment that erroneously awarded plaintiff damages for the emergency room and imaging charges, that error was invited. Invited error cannot serve as the basis for reversal. *State v. Maxwell*, 165 Or App 467, 478, 998 P2d 680 (2000), *rev den*, 334 Or 632 (2002). Thus, $1,265.30 of the plaintiff's judgment did not result from reversible error. We therefore vacate the judgment and remand with instructions to enter judgment for plaintiff in an amount that reflects $8,610.50 in economic damages ($1,265.30 in medical damages, plus $7,345.20 in nonmedical economic damages) instead of $17,639.

That outcome resolves defendant's assignment of error regarding attorney fees. Defendant maintains that, once the inadmissible medical expenses are eliminated from the judgment, the award for attorney fees must be reversed. He reasons as follows: The jury awarded plaintiff $25,000 for noneconomic damages and $17,639 for economic damages, of which $7,345.20 were for nonmedical expenses and $10,293.80 were for medical expenses, for a total of $42,639. From that amount, the court deducted $32,700 that plaintiff had already recovered for his injuries, resulting in a judgment for the difference: $9,939. According to defendant, once the inadmissible medical expenses are stricken, the defendant's total damages are $32,346. With the $32,700 setoff, plaintiff would not have received any money at all in the judgment and therefore could not be deemed the prevailing party entitled to attorney fees.

However, as we have concluded, of the $10,293 in medical expenses, $1,265.30 were properly submitted to the jury by virtue of defendant's admission or the invited error. Thus, the correct verdict is $25,000 for noneconomic damages, $7,345.20 for nonmedical expenses, and $1,265.30 for medical expenses, totaling $33,610.50. Accounting for the $32,700 setoff, the correct judgment is in favor of $910.50 for plaintiff. He therefore prevailed and is entitled to attorney fees.

Judgment for plaintiff for damages reduced to $910.50; otherwise affirmed.