Argued and submitted December 8, 2006, affirmed June 27, 2007

Jeffrey B. ELLINGTON,
*Plaintiff-Respondent,*

*v.*

Christine Louise GARROW,
*Defendant-Appellant.*

Deschutes County Circuit Court
03CV0398AB; A130169

162 P3d 328

Julie L. Gregory argued the cause for appellant. With her on the briefs was Balyeat & Gregory.

Warren J. West argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

BREWER, C. J.

## BREWER, C. J.

In this personal injury action that resulted in a jury verdict for plaintiff, defendant assigns error to the trial court's denial of her motion for a directed verdict in which she challenged the sufficiency of plaintiff's evidence that his claimed physical therapy expenses were reasonably and necessarily incurred. Because we conclude that plaintiff's evidence was sufficient to establish that the amount of such expenses was reasonably and necessarily incurred, we affirm the jury's award of such damages.

■      In reviewing the denial of a motion for a directed verdict, we view the facts and all reasonable inferences drawn from them in the light most favorable to the nonmoving party—here, plaintiff. *Rathgeber v. James Hemenway, Inc.*, 335 Or 404, 411, 69 P3d 710 (2003). Under that standard, the relevant facts are as follows. On September 4, 2001, defendant triggered a multivehicle collision when she rear-ended the car in front of her, which, in turn, struck plaintiff's vehicle from behind. On September 5, plaintiff saw Dr. Bourque, a chiropractic physician, for treatment of neck and low back injuries that he suffered in the collision. Bourque treated plaintiff for those problems from September 5, 2001 until June 30, 2005, and also referred plaintiff to a physical therapy group for treatment. The physical therapists treated plaintiff for 64 sessions from November 27, 2001 until July 30, 2002. The total charge for those services was $9,145. While treating plaintiff, the physical therapists periodically evaluated his symptoms, and they recommended changes in treatment and goals. They also sent periodic progress reports to Bourque, who would then sign the reports and return them to the therapists. When they discharged plaintiff in July 2002, the therapists reported that plaintiff was 80 percent improved overall but was still experiencing occasional neck and back pain.

In his complaint, plaintiff sought both economic and noneconomic damages. Included in his claim for economic damages was a request for $9,145 in damages for physical therapy treatment. At trial, the court admitted plaintiff's physical therapy records and a summary of the physical therapy expenses into evidence. In addition, plaintiff adduced

deposition testimony from his physician, Dr. Stewart. The following colloquy is pertinent to the issue on appeal:

"[COUNSEL]: I want you to assume that during that period of time he was being seen by [the physical therapists] a number of times. * * * And also assume that he had those studies that are indicated with [a radiologist report] and MRI. My question is with the exception of the chiropractic billing which we can have the doctor testify to, do you have an opinion as to whether or not these charges would be reasonable and necessary?

"[WITNESS]: The PT seems a bit high. Beyond that the others appear appropriate.

"[COUNSEL]: Is there any type of—when you say high before we get to that, are we talking in terms just the numbers of treatments?

"[WITNESS]: There [are] 64 sessions reported over a period of it looks to me to be about nine months and it would appear to me to term a phrase that there wasn't a lot of bang for the buck here."

Stewart did not testify further regarding plaintiff's physical therapy expenses.

Plaintiff also submitted into evidence deposition testimony from Bourque. However, Bourque did not testify in his deposition as to whether the physical therapy expenses were reasonable or necessary. At the conclusion of plaintiff's case-in-chief, defendant moved for a directed verdict with respect to the physical therapy expenses on the ground that there was insufficient evidence that they were reasonably and necessarily incurred. The trial court denied the motion, stating, "I think there is a difference from the cases in which there is total absence of evidence regarding that issue so I'm going to allow that to go to the jury." The jury returned a verdict for plaintiff that included an award of economic damages in the full amount of the physical therapy expenses that he sought. Defendant appeals from the judgment that the trial court entered on that verdict.

■■ In her sole assignment of error, defendant challenges the trial court's denial of her motion for a directed verdict.

The jury's verdict cannot be set aside " 'unless [we] can affirmatively say there is no evidence to support the verdict.' " *Woodbury v. CH2M Hill, Inc.*, 335 Or 154, 159, 61 P3d 918 (2003) (quoting Or Const, Art VII (Amended), § 3); *see also Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984). Defendant's argument reduces to this: Defendant asserts that, because Stewart failed expressly to state that the total amount plaintiff sought was reasonable, there was no evidence that any particular amount of plaintiff's physical therapy expenses was reasonable and necessary, and the evidence therefore was insufficient to support any award of such expenses.

■    Defendant cites *Lea v. Farmers Ins. Co.*, 194 Or App 557, 96 P3d 359 (2004), in support of her argument. In that case, the plaintiff sued his uninsured motorist coverage insurance carrier to recover medical expenses that he had incurred in an accident caused by an uninsured motorist. At trial, the plaintiff offered his medical bills into evidence. *Id.* at 561. At the close of the evidence, the defendant moved to strike the plaintiff's claim for medical expenses on the ground that the plaintiff had failed to prove their reasonableness and necessity. The trial court denied the motion, the jury awarded the plaintiff medical expenses and, on appeal, we reversed. We explained:

"In *Tuohy v. Columbia Steel Co.*, 61 Or 527, 532, 122 P 36 (1912), the Supreme Court held unequivocally that 'a plaintiff in a case involving personal injuries can recover, as a part of his damages, his reasonable expenses for medicines and medical treatment, but there must be some evidence that the charges are reasonable.' Subsequent cases reaffirm that unequivocal holding. In *Pinder v. Wickstrom*, 80 Or 118, 156 P 583 (1916), the defendant, a motorist, argued that the plaintiff could not recover damages for medical expenses caused by the defendant because the plaintiff did not plead that the amount of the expenses was reasonable. *Id.* at 120. The court found in favor of the plaintiff, noting that, although reasonableness of medical expenses need not be pleaded, nonetheless '[i]t is elementary that there must be evidence tending to prove that such items of special damages are reasonable.' *Id.* In *Coblentz v. Jaloff*, 115 Or 656, 239 P 825 (1925), the plaintiff in a personal injury case testified as to the amount he paid to cover medical services but not as to its reasonableness. The court held[:]

" 'It is true that there is ample evidence as to the extent and nature of the services rendered, and many cases hold under such circumstances the jury is permitted to draw a reasonable inference as to the reasonable value of the same; but this court in *Tuohy* * * * held that 'a plaintiff in a case involving personal injuries can recover, as a part of his damages, his reasonable expenses for medicines and medical treatment, but there must be some evidence that the charges are reasonable.' The rule thus announced was approved in the later case of *Pinder* * * *, and is supported by many other authorities * * *. In the light of these decisions it was error to have submitted this item to the jury as an element of damages.'

"*Id.* at 665-66. And in *Mathews v. City of La Grande*, 136 Or 426, 299 P 999 (1931), a personal injury case stemming from an allegedly defective sidewalk, the defendant argued that the court erred in allowing the plaintiff to testify regarding the reasonableness of the amounts he had paid in medical expenses. In rejecting that assignment of error, the court cited the language in *Tuohy* quoted above. *Id.* at 430.

"Plaintiff does not cite any case that explicitly or implicitly overrules *Tuohy*. Rather, he suggests that more recent cases indicate a modern tendency to disregard overly strict rules in general and that a minority of other states have a different rule. We find neither of these arguments to be relevant or persuasive. Further, plaintiff argues that we should adopt the rule that evidence of the amount of the expenses is itself evidence of their reasonableness because modern jurors, unlike those in the *Tuohy* era, can be presumed to know what is or is not reasonable because of their own experience. That argument is also unpersuasive; indeed, given the proliferation in treatment modalities and the fact that a significant number of medical expenses today are paid by insurance companies and not individuals, we would conclude that a contemporary juror may be less capable of knowing what charges are reasonable than was a juror in 1912. We therefore conclude that the trial court erred in denying defendant's motion to strike the claim for damages for medical expenses."

*Lea*, 194 Or App at 559-61. In holding that the trial court erred in denying the defendant's motion to strike the claim

for damages for medical expenses, *Lea* adhered to the long-standing rule that a plaintiff seeking damages for personal injuries must establish the reasonableness of any medical expenses claimed as damages and that the existence of a medical bill is insufficient, of itself, to present the question to the jury.

Here, unlike in *Lea*, plaintiff adduced evidence regarding the reasonableness of his health care expenses in addition to the pertinent bills. When asked if he had an opinion concerning whether plaintiff's medical expenses were reasonable, Stewart testified that "[t]he [physical therapy] seems a bit high. Beyond that the others appear appropriate." As defendant concedes in her brief, "[t]here is no question that Dr. Stewart's testimony is evidence on the reasonableness of the physical therapy bills." Defendant would have us conclude, however, that the only possible inference from that testimony is that the physical therapy bills were not reasonable. Stewart's observation that the charges other than for physical therapy were appropriate might permit an inference that the charges for physical therapy were not, but it does not *establish* it. As a matter of logic, it does not necessarily follow that, because Stewart said that charges for other expenses were appropriate, charges for physical therapy were inappropriate.

Defendant understands Stewart's testimony that the physical therapy expenses were "a bit high" to mean that the charges were unreasonable. Defendant's view assumes that the word "high" is an absolute, so that if one says that something is "a bit high," it necessarily means that something is *too* high. However, that interpretation does not comport with ordinary usage. The term "high" is a relative one, particularly when preceded by the qualifier, "a bit." Thus, a reference to something being "a bit high" can reasonably refer to something being on the high end of reasonable, but still reasonable. That is not to say that a prudent trial practitioner should not attempt to clarify a witness's less than precise characterization. However, in light of our lenient standard of review, we conclude that Stewart's testimony that expenses were "a bit high" allows the inference that the expenses were on the high side of reasonable but reasonable nonetheless and therefore constitutes some evidence that the

physical therapy bills were reasonable. We therefore conclude that the trial court did not err in denying defendant's motion for a directed verdict on the physical therapy bills.

Affirmed.