TOOKEY, J.
*660 Plaintiff sustained injuries during an altercation with defendant. In this personal injury action, he seeks recovery from defendant for, among other harm, his medical expenses. After the close of plaintiff's case, defendant moved to strike plaintiff's claim for damages for medical expenses, contending that those expenses could not be recovered because plaintiff had failed to produce any evidence that the amount that plaintiff was charged for the medical treatment that plaintiff had received was reasonable. The trial court denied defendant's motion to strike. The jury found in favor of plaintiff, awarding plaintiff economic and noneconomic damages. Defendant appeals from a general judgment, assigning error to, among other rulings, the trial court's denial of his motion to strike.
*528 For the reasons that follow, we reverse and remand.[1]
The material facts are not in dispute. Plaintiff and defendant were in an altercation during which plaintiff was cut by a knife wielded by defendant. Plaintiff sought and received medical treatment for his injuries. The medical treatment included three separate visits to the Tuality Community Hospital emergency room.
Plaintiff sued defendant for battery and assault, seeking, among other types of damages, economic damages for his medical expenses. During the resulting trial, plaintiff presented evidence of the amount that he was charged by Tuality Community Hospital for the medical treatment that he had received, submitting into evidence copies of the bills that he had received from Tuality Community Hospital. Additionally, plaintiff presented testimony from an expert witness, Dr. Paul Puziss, who testified that the treatment plaintiff received was reasonable:
"Q: And the treatment that you understand he had received at that point, do you believe that that was reasonable, under the circumstances?
"A: Yes. He went to the emergency room, they sutured [his wound ] properly. They didn't see a nerve injury, but *661 clearly he had one. He returned there a couple more times, in part complaining of pain, in part for wound check. There never was, fortunately, a post-injury infection. But he had appropriate treatment.
"* * * * *
"Q: So you already testified that his-you understood his-his medical treatment to be reasonable?
"A: It was."
After the close of plaintiff's case, defendant moved to strike plaintiff's claim for damages for medical expenses because, according to defendant, plaintiff had failed to produce any evidence that the medical expenses incurred by plaintiff were reasonable. The trial court initially granted the motion. Subsequently, however, the trial court reversed its ruling, concluding that the evidence was sufficient for the jury to determine whether plaintiff's medical expenses were reasonable because "there [was] reasonable treatment that was rendered" and there were "not complex medical expenses" at issue in this case.
After the parties' closing arguments, the jury was instructed per UCJI 70.04 that, "[i]f you find that the plaintiff is entitled to recover economic damages, you must award some noneconomic damages." The jury ultimately returned a verdict for plaintiff, awarding both economic damages and noneconomic damages.
On appeal, defendant argues, among other points, that the trial court erred when it denied his motion to strike, because a party seeking to recover damages for medical expenses must present some evidence, beyond medical bills themselves, that such expenses are reasonable.[2] Defendant contends that plaintiff failed to produce such evidence. Plaintiff does not disagree that to recover the amount that he was charged for medical care he was required to offer evidence that the charges were reasonable, and acknowledges *662 that the submission of a medical bill, without more, is insufficient proof that the amount that he was charged was reasonable. Plaintiff contends, however, that the trial court did not err in denying defendant's motion to strike plaintiff's claim for damages for medical expenses because Puziss's testimony constituted "additional evidence" that the medical expenses plaintiff sought to recover were reasonable. Plaintiff also contends that certain statements made by defendant during defendant's closing argument constitute "judicial admissions" by defendant that the medical expenses incurred by plaintiff were reasonable.
Given the parties' arguments on appeal in this case, in reviewing the trial court's denial of defendant's motion to strike, we *529 "view the evidence and reasonable inferences from it in the light most favorable to plaintiff, the nonmoving party, and affirm the denial if there is any evidence to support it." Lea v. Farmers Ins. Co. , 194 Or. App. 557, 559, 96 P.3d 359 (2004).
In Tuohy v. Columbia Steel Co. , 61 Or. 527, 532, 122 P. 36 (1912), the Supreme Court stated that "[t]he rule is that plaintiff in a case involving personal injuries can recover, as a part of his damages, his reasonable expenses for medicines and medical treatment, but there must be some evidence that the charges are reasonable." Since Tuohy , Oregon courts have consistently required plaintiffs seeking damages for medical expenses to establish the reasonableness of those expenses to recover them. See, e.g. , White v. Jubitz Corp. , 219 Or. App. 62, 68, 182 P.3d 215 (2008), aff'd , 347 Or. 212, 219 P.3d 566 (2009) (noting that "Oregon courts have long held that a plaintiff seeking damages for medical expenses must establish the reasonableness of those expenses and cannot simply rely on a medical bill for that purpose"); Ellington v. Garrow , 213 Or. App. 490, 496, 162 P.3d 328 (2007) (noting the "the longstanding rule that a plaintiff seeking damages for personal injuries must establish the reasonableness of any medical expenses claimed as damages and that the existence of a medical bill is insufficient, of itself, to present the question to the jury").
In resolving the parties' arguments in this case, our decision in *663 State v. McClelland , 278 Or. App. 138, 372 P.3d 614, rev. den. , 360 Or. 423, 383 P.3d 862 (2016), is particularly instructive. In McClelland , we concluded that a trial court erred in imposing restitution against a defendant for the victim's medical expenses where the only evidence that the state presented regarding whether the expenses were reasonable was a medical bill. Id. at 140-41, 146-47, 372 P.3d 614. We reasoned that "the trial court could not simply rely on a review of the bill and 'common sense' to conclude that such charges were reasonable" because "[t]he finder of fact cannot be presumed to know what is a 'reasonable' charge for medical services based on their own experience and without further evidence, particularly given that many medical services are paid by third parties and insurance companies." Id. at 146-47, 372 P.3d 614. Importantly, in McClelland , it did not make a difference to our analysis that it was "undisputed" that the victim's knee surgery was "necessary." Id. at 146 n. 4, 372 P.3d 614. The state was still required to provide proof that the charges for the hospital services at issue were "reasonable" to obtain an order requiring the defendant to pay restitution.[3] Id.
As noted above, on appeal, plaintiff contends that trial court did not err in denying defendant's motion to strike because plaintiff relied not only on his medical bills, but also on Puziss's testimony to establish that plaintiff's medical expenses were reasonable. The difficulty with plaintiff's argument is that Puziss's testimony, as quoted above, establishes that the provision of the medical treatment rendered to plaintiff was itself reasonable. However, that the medical treatment *664 rendered to plaintiff was reasonable, or even necessary, does not, without more, allow for an inference that the charges billed for that medical treatment were reasonable. *530 State v. Campbell , 296 Or. App. 22, 35, 372 P.3d 614 (2019) (noting that "whether the charges are reasonable and whether the treatment is necessary are two distinct questions").
Without evidence that the charges billed were reasonable, it was error for the trial court to deny defendant's motion to strike because the factfinder cannot be presumed to know what a reasonable charge for medical services is based on the factfinder's own experience, and without further evidence. See McClelland , 278 Or. App. at 146-47, 372 P.3d 614 ; see also Valdin v. Holteen and Nordstrom , 199 Or. 134, 147-48, 260 P.2d 504 (1953) (holding the plaintiff "had the right to testify concerning" the amount he was billed for medical services, "but before such evidence could be the basis of a claim for special damages, it would be necessary to connect it by offering evidence that the charges * * * were reasonable for the services rendered").
Plaintiff argues that this case is similar to Ellington , a personal injury action in which we concluded that the trial court did not err in denying the defendant's motion for a directed verdict with respect to physical therapy expenses. 213 Or. App. at 496-97, 162 P.3d 328. We disagree. The plaintiff in Ellington -unlike plaintiff in this case-adduced evidence concerning the reasonableness of the medical expenses at issue. Id. at 496, 162 P.3d 328. Specifically, in Ellington , "[w]hen asked if he had an opinion concerning whether plaintiff's medical expenses were reasonable, [plaintiff's witness] testified that '[t]he [physical therapy] seems a bit high. Beyond that the others appear appropriate.' " Id. (third and fourth brackets in original). Consequently, the defendant in Ellington conceded on appeal that there was "evidence on the reasonableness of the physical therapy bills," but argued that, in the context of the testimony given, "the only possible inference from that testimony is that the physical therapy bills were not reasonable." Id. We did not agree and ultimately concluded that there was "some evidence that the physical therapy bills were reasonable." Id. at 496-97, 162 P.3d 328. In contrast, *665 in this case, plaintiff never asked Puziss whether plaintiff's expenses or medical charges were reasonable; he only asked about the reasonableness of the treatment plaintiff received.
We next turn to plaintiff's argument that defendant's statements during closing argument constitute "judicial admissions" that the medical expenses plaintiff incurred were reasonable. Plaintiff relies on two statements made during closing argument to support his contention, both of which are provided below with appropriate context:
In the first statement, defendant argued,
"[s]o, now, * * * [plaintiff is] asking for impaired earning capacity of $ 30,000, and medical expenses, which [plaintiff] didn't bring, by the way, anybody in here to say that those were reasonable prices.
"Now, obviously, it's Tuality Hospital. They have the regular billing thing. But take a good look at those bills. And take a look at which columns each of them go-and you'll see something there that's pretty interesting."
In the second statement, defendant argued,
"[s]o, you have to consider how much is a cut-with the pain that he suffered at the time, and the inconvenience of going to the doctors and-and all of that, how much is that worth? And I submit to you that I don't think it's worth more than $ 10,000. Plaintif thinks it's worth $ 280,000. But in the grand scheme of things for a cut that, after three years, doesn't have anything objectively wrong with it, is-has some monetary value on that, but certainly not $ 280,000."
"A judicial admission is a statement 'made by a party or his attorney for the purpose of dispensing with proof of a fact in issue.' " Lea , 194 Or. App. at 562, 96 P.3d 359 (quoting Foxton v. Woodmansee , 236 Or. 271, 278, 386 P.2d 659 (1963), reh'g den. , 236 Or. 271, 283, 388 P.2d 275 (1964) ). "It is of the nature of an admission, plainly, that it be by intention an act of waiver, relating to the opponent's proof of the fact, and not merely a statement of assertion or concession, made for some independent purpose." Id. (internal quotation marks omitted).
In support of his argument, plaintiff relies on Lea . In Lea , we determined that the *531 plaintiff had failed to *666 establish that his medical expenses were reasonable and that the trial court erred in denying the defendant's motion "to strike the claim for damages for medical expenses." Id. at 561, 96 P.3d 359. We further determined, however, that the trial court's error was "cured" with respect to medical charges resulting from an emergency room visit, an x-ray, and a CT scan, because during closing argument the defendant stated (1) "we do not begrudge [the plaintiff] the right to go to the emergency room * * * [a]nd if you get to that question you ought to award that emergency room visit to him," and (2) "there was a * * * bill for the CT scan and the x-ray. We don't begrudge [the plaintiff] those things." Id. at 561-62, 96 P.3d 359. We reasoned that the "purpose of th[ose] statements * * * was to tell the jury that it need not consider the reasonableness of the emergency room, CT scan, or x-ray charges" and that they were, therefore, "an admission that, when viewed most favorably to plaintiff, would allow the jury to conclude that the specified medical expenses were reasonable." Id. at 562, 96 P.3d 359 (emphasis in original).
Unlike in Lea , in this case, we do not view defendant's statements during closing argument as judicial admissions that plaintiff's medical expenses were reasonable. It appears to us that the first statement that plaintiff relies on was not made for the purpose of telling the jury that it need not consider the reasonableness of plaintiff's medical bills. That is, defendant asked the jury to "take a good look at those [medical] bills" because the jury would "see something there that's pretty interesting," and specifically noted that plaintiff had not presented testimony indicating that the charges reflected in the medical bills were reasonable. The second statement plaintiff relies on concerns plaintiff's request for noneconomic damages, as evidenced by defendant's reference to "the pain that [plaintiff] suffered" and "$ 280,000," which is the amount that plaintiff requested the jury award for noneconomic damages. Thus, we do not view either statement as a judicial admission that plaintiff's medical expenses were reasonable.
In sum, we conclude that the trial court erred in denying defendant's motion to strike plaintiff's claim for economic damages related to plaintiff's medical expenses.
*667 We also conclude that the trial court's error was not cured by judicial admissions made by defendant during closing argument. Accordingly, we reverse and remand.
Reversed and remanded.

In light of our conclusions below, we need not address defendant's second assignment of error.

Defendant also contends, more generally, that plaintiff failed to "present any evidence as to any other claimed economic damages." Plaintiff conceded at oral argument that there was no evidence regarding the potential cost of any future medical expenses and, in his briefing, points to no evidence supporting any other economic damages in this case.

As noted, McClelland concerned the propriety of an order requiring the defendant to pay restitution. Consequently, our analysis in McClelland construed the phrase "economic damages" in ORS 137.106, which, with one exception, has the meaning given to that phrase in ORS 31.710. 278 Or. App. at 141, 372 P.3d 614 ; see also ORS 137.103(2) (defining "economic damages" for purposes of ORS 137.106 with reference to ORS 31.710 ).
Our analysis in McClelland is instructive in this case because, in discussing the phrase "economic damages" as defined in ORS 31.710(2)(a), we recognized that when the legislature "enacted ORS 31.710(2)(a) and its definition of economic damages it did so in light of the underlying law" and that, consistent with that law, "a plaintiff seeking damages for medical expenses must establish the reasonableness of medical costs, through testimony or other evidence, beyond the existence of a medical bill ." Id. at 145, 372 P.3d 614 (emphasis in original; internal quotation marks omitted). See also White , 219 Or. App. at 68, 182 P.3d 215 ("Our subsequent interpretation and application of [ORS 31.710 ] have been consistent with our preexisting treatment of economic damages for medical costs under the common law, to wit, recoverable damages are based, not on what a plaintiff personally paid, but on the value of necessary services.").