Argued January 5, reversed and remanded March 25, 1976

# EXECUTIVE MANAGEMENT CORPORATION,
### *Appellant,*
#### *v.*
## JUCKETT, *Respondent.*

547 P2d 603

*Carlton D. Warren,* Portland, argued the cause for appellant. With him on the briefs were Robert L. Kirkman, and Solomon, Warren, Killeen & Kirkman, Portland.

*Lawrence Wm. Jordan, Jr.,* Portland, argued the cause and filed a brief for respondent.

BRYSON, J.

**BRYSON, J.**

Plaintiff brought this forcible entry and detainer action to recover possession of an apartment unit and attorney fees. The case was tried before the court without a jury. The trial court entered judgment in favor of plaintiff for possession of the premises but denied attorney fees to plaintiff, the prevailing party. Plaintiff appeals.

Plaintiff appeals from that part of the judgment order which states:

"(3) The Court being of the opinion that ORS 91.755 is not applicable to a proceeding in Forcible Entry and Detainer, and for that reason orders that attorney's fees shall be awarded to neither party."

The defendant argues that the Residential Landlord and Tenant Act does not apply in the case at bar; that forcible entry and detainer statutes, ORS 105.105 to 105.160, and the Residential Landlord and Tenant Act, ORS 91.700 to 91.865, are unrelated statutes.

There is no transcript of testimony or agreed narrative statement of the facts. The appeal is before us on the trial court file, including the pleadings. ORS 19.074.

The complaint alleged there was a "Tenancy Agreement with defendant" and that plaintiff had served defendant with a "30 day Notice to Quit and Intent to Terminate * * * 30 days prior to the filing" of the complaint. Defendant's answer admitted that defendant was in possession of the premises "under an oral agreement" and affirmatively alleged several defenses under the Residential Landlord and Tenant Act.

Defendant's brief acknowledges "that plaintiff landlord had terminated a month to month tenancy by the giving of a 30 day notice." That tenancy terminated on April 15, 1975. After that date defendant was wrongfully withholding the premises from plaintiff.

ORS 105.115(2)(b) was amended by Oregon Laws

1973, ch 559, § 34, to include a month-to-month tenant's refusal to vacate upon service of a valid notice as cause of "unlawful holding by force." ORS 91.705 provides:

"* * * * *.

"(1) 'Action' includes recoupment, * * * and any other proceeding in which rights are determined, *including an action for possession.*

"* * * * *.

"(11) 'Rental agreement' means all agreements, written or oral, * * * concerning the use and occupancy of a dwelling unit * * *." (Emphasis supplied.)

Further, ORS 91.725(2) provides:

"(2) Any right or obligation declared by ORS 91.700 to 91.865 is enforceable by action unless the provision declaring it specifies a different and limited effect."

Thus, it is quite clear that plaintiff's action is one "arising under ORS 91.700 to 91.865." As the prevailing party, plaintiff was entitled to demand attorney fees. The judgment order recites that the parties "stipulated to allow the court to set a reasonable attorney's fee."

We conclude that the forcible entry and detainer statutes and the Residential Landlord and Tenant Act are not unrelated statutes. In enacting Oregon Laws 1973, ch 559, §§ 34-36 (part of the Residential Landlord and Tenant Act), extensive amendments were made to the forcible entry and detainer statutes. The clear intent of the legislature is obvious and the court is obligated to give effect to the unambiguous legislative mandate.

As stated, defendant admits that he was in possession pursuant to a month-to-month tenancy. Under the new statute, ORS 91.855(2),

"[t]he landlord or the tenant may terminate a month-to-month tenancy by giving to the other, at any time during the tenancy, not less than 30 days' notice in writing prior to the date designated in the notice for the termination of the tenancy. The tenancy shall terminate

[ 518 ]

on the date designated and without regard to the expiration of the period for which, by the terms of the tenancy, rents are to be paid. Unless otherwise agreed, rent is uniformly apportionable from day to day."

Confusion in this case is created by the legislature failing to amend ORS 105.145, which provides:

"* * * If the court finds the complaint true * * * it shall render a general judgment against the defendant and in favor of the plaintiff, for restitution of the premises and the costs and disbursements of the action. * * *"

This statute does not provide for but does not prohibit the allowance of attorney fees.

ORS 91.755 provides:

"In any action on a rental agreement or arising under ORS 91.700 to 91.865, reasonable attorney fees may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

We conclude that ORS 105.145 and 91.755 must be construed together. *McLain v. Lafferty,* 257 Or 553, 558, 480 P2d 430 (1971); *O'Donnell et al v. Scott,* 176 Or 500, 503, 159 P2d 198 (1945). Accordingly, the trial court erred in concluding "that ORS 91.755 is not applicable to a proceeding in Forcible Entry and Detainer."

The defendant also argues that "[t]he award of attorney's fees under ORS 91.755 is permissive, not mandatory, and the court need not award fees in every case." However, we conclude that normally a "prevailing party" would be entitled to recover attorney fees, barring unusual circumstances which might arise in any particular case.

Reversed and remanded to the trial court for further proceedings not inconsistent herewith.