Submitted on appellant's Motion to Determine Jurisdiction of Trial Court over Claim to Attorney Fees filed April 1; and on respondent's Motion for Summary Determination of Appealability filed April 3, appellant's motion denied; stay of trial court proceedings vacated; respondent's motion allowed; jurisdiction determined June 10, 1998

## NATIONAL MORTGAGE COMPANY,
an Oregon corporation,
*Respondent,*

*v.*

## ROBERT C. WYATT, INC.,
a California corporation,
*Appellant.*

(C930738CV; CA A101042)

961 P2d 894

Bruce H. Orr and Meyer & Wyse, LLP, for appellant's motion and *contra* respondent's motion.

John Rich, William G. Wheatley and Jaqua & Wheatley, P.C., for respondent's motion and *contra* appellant's motion.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

This matter arises out of the parties' motions concerning our jurisdiction and the trial court's continuing retention of jurisdiction. Defendant filed an appeal from the trial court's order that (1) denied defendant's motion to set aside a default judgment in plaintiff's favor; and (2) determined that plaintiff was entitled to attorney fees incurred in resisting the motion to set aside but did not fix the amount of those fees. Defendant now moves this court to determine whether the trial court has continuing jurisdiction to determine the amount of fees and to enter a judgment embodying that award. Plaintiff responds by moving for a summary determination of appealability. ORS 19.235(3). We deny defendant's motion, allow plaintiff's motion, and determine that the portion of the trial court's order denying the motion to set aside the default is final and appealable, but that the portion of the order purporting to award attorney fees is not appealable.

Plaintiff sued defendant for damages for breach of a commercial lease. In 1993, the trial court entered a default judgment against defendant. Based on a provision of the lease, the court also awarded plaintiff attorney fees of $7,050.20. The court later supplemented that award by an additional $10,062.50, for a total of $17,112.70. In 1994, defendant moved, pursuant to ORCP 71, to set aside the default judgment. Ultimately, in 1997, after a variety of motions and cross-motions, the trial court issued a letter opinion denying defendant's motion to set aside the default judgment. The letter opinion did not mention attorney fees. Plaintiff then submitted two proposed orders, both of which included a statement that plaintiff was entitled to its reasonable costs and attorney fees incurred in resisting defendant's effort to set aside the default. Defendant objected to that statement.

On January 23, 1998, the trial court issued its order denying defendant's motion to set aside and further stating:

"Plaintiff National Mortgage Co. is hereby awarded its reasonable costs, expenses, and attorneys fees as prayed for

in its Complaint and to be submitted by way of a cost bill and supplemental judgment pursuant to ORCP 68."

On February 5, plaintiff filed a supplemental statement of attorney fees and costs in the amount of $315,000, and defendant objected.

On February 23, before the trial court ruled on the amount of fees, defendant filed a notice of appeal from the trial court's January 23 order. Thereafter, defendant asserted to the trial court that the notice of appeal deprived that court of continuing jurisdiction over the matter, including jurisdiction to fix fees. Plaintiff countered that the January 23 order was not appealable and that, in all events, the trial court was not divested of jurisdiction to enter a supplemental judgment for fees.

On March 18, the trial court issued a letter opinion stating:

> "[T]he judgment [the January 23 order] in this matter is appealable but the question of attorneys fees is one for this Court. Once [plaintiff] has made a decision about how he wishes to file his affidavits in support of attorney fees and submits whatever documents he feels are necessary, a hearing will be scheduled in this Court if one is requested to determine what the attorney fees ought to be, if any."

Defendant then moved this court (1) for an emergency order staying all trial court proceedings regarding attorney fees, and (2) "to determine jurisdiction of trial court over claim to attorney fees." In so moving, defendant explicitly did not seek a summary determination, under ORS 19.235(3), of the appealability of the January 23 order. Plaintiff responded to those motions and, in addition, moved for a summary determination of the appealability of the January 23 order. ORS 19.235(3). We allowed defendant's motion for a stay to permit consideration of the issues raised and took defendant's motion to determine the trial court's continuing jurisdiction over attorney fees under advisement. We now address, in turn, defendant's motion to determine the trial court's jurisdiction and plaintiff's motion to determine the appealability of the January 23 order.

Defendant asks us to determine whether the trial court has continuing jurisdiction to enter a judgment for costs and fees during the pendency of an appeal. Except for a reference to ORAP 8.40, defendant identifies no authority that even arguably empowers us to make such a determination upon motion. ORAP 8.40 provides:

"During the pendency of an appeal, if the trial court rules on a matter affecting the appeal,[1] a party may seek review of that ruling by filing a motion in the court in which the appeal is pending seeking appropriate relief. The appellate court may review the ruling of the trial court on a matter affecting an appeal as necessary to decide a matter before the court.

"[1] *See, e.g.,* ORS 19.038 (sufficiency of undertakings and qualifications of sureties), ORS 19.040 (amount of undertakings for costs on appeal and supersedeas undertakings, and other terms for supersedeas undertakings), ORS 19.045(2) (approval of stipulations dispensing with undertaking requirements and waiver, reduction or limitation of undertaking for good cause), ORS 19.050(1) and (2) (sale of perishable property and dispensing with or limiting undertakings by fiduciaries), ORS 19.078(3) and (4) (correction of, addition to and settling of transcripts), and ORS 19.084(2) (designating party responsible for preparation of additional portions of the transcript).

"*See also* ORS 19.034(3) (trial court summary determinations of appealability), ORS 19.050(3) and (4) (stays in cases not provided for under ORS 19.040), and ORS 138.500 (determinations of indigence and entitlement to a transcript at state expense and appointed counsel on appeal)."

Assuming, without deciding, that the trial court's March 18 opinion is a ruling within the meaning of ORAP 8.40, defendant does not explain, and we do not perceive, how or why the trial court's ruling that it has continuing jurisdiction to award fees "affect[s] the appeal" of the January 23 order. The trial court's adjudication of an *amount* of fees would not affect our review of either the denial of the motion to set aside or, even if the issue were properly before us, *see* 154 Or App at 311-12, the determination of entitlement to fees. Moreover, unlike those matters to which footnote 1 to

ORAP 8.40 refers, the court's determination does not bear on the stay of the order entered below or on the parties' ability to prosecute the appeal. Accordingly, ORAP 8.40 is inapposite.

Nor are we aware of any other source of authority for the relief defendant seeks. If the trial court somehow lacked continuing jurisdiction to enter a supplemental judgment for fees, that lack of jurisdiction could be challenged through an appeal of that supplemental judgment. There is no authority for us to make that determination on motion in the context of the present appeal.[1] Accordingly, we deny defendant's motion.

For related reasons, we vacate our temporary stay of proceedings in the trial court. There is no basis under ORAP 8.40 or under ORS 19.350 and ORS 19.360 (pertaining to stays of *judgments* pending appeal) for continuing such relief.

■    We proceed to the appealability of the January 23 order. As noted, there are two components to that order: the denial of the motion to set aside, and the adjudication of entitlement to attorney fees. The denial of defendant's ORCP 71 motion to set aside the default is a final appealable order under ORS 19.205(2)(c) (providing for appeals of final orders "affecting a substantial right, and made in a proceeding after judgment or decree"). *See Waybrant v. Bernstein*, 294 Or 650, 653-55, 661 P2d 931 (1983); *State ex rel Lowell v. Eads*, 148 Or App 56, 61, 939 P2d 74 (1997).

■    Conversely, the trial court's post-judgment determination of entitlement to attorney fees, which was memorialized in an order rather than a supplemental judgment, is not an appealable disposition. The trial court's determination of entitlement to fees merely "paved the way" for the entry of an appealable judgment actually awarding fees pursuant to ORCP 68. Consequently, that component of the January 23 order did not "affect a substantial right" of defendant and is not appealable. *City of Portland v. Carriage Inn*, 296 Or 191, 673 P2d 531 (1983) (order of dismissal is not appealable; appeal must be from judgment of dismissal); *Miller v. Grants*

---

[1] ORS 19.235 provides for us to make a summary determination of appealability but does not contemplate any determination of the trial court's continuing jurisdiction during the pendency of an appeal.

*Pass Irrigation District*, 290 Or 487, 489, 622 P2d 729 (1981) (order allowing summary judgment motion is not appealable; appeal must be from judgment, not order).

■       The fact that the January 23 order embodied two distinct rulings, one appealable and the other nonappealable, does not mean that we lack jurisdiction to consider the former. In other similar cases we have distinguished between the appealable and nonappealable portions of an order or judgment, determining that we have jurisdiction over the former but not the latter. *See, e.g., Jansen v. Atiyeh*, 89 Or App 557, 559-60, 749 P2d 1230, *rev den* 305 Or 576 (1988); *Ferrous Financial Services Co. v. Self-loader Service, Inc.*, 70 Or App 285, 294-95, 689 P2d 974 (1984), *rev den* 298 Or 470 (1985). We adhere to that approach here and determine that the portion of the trial court's January 23 order denying defendant's motion to set aside the default judgment is appealable, but the portion purporting to award plaintiff attorney fees is not.[2]

Appellant's motion to determine trial court jurisdiction denied; stay of trial court proceedings vacated; respondent's motion for summary determination of appealability allowed; jurisdiction determined to be in the Court of Appeals except with respect to appeal of determination of entitlement to attorney fees.

---

[2] Given our disposition and the fact that the trial court's determination of entitlement was not embodied in a judgment, we do not reach and resolve the issue we expressly reserved in *Frederickson v. Ditmore*, 132 Or App 330, 888 P2d 108 (1995):

"Because plaintiffs dismissed their appeal of the September 30, 1993, judgment and did not brief or argue this appeal, we do not consider the propriety of the September 30 judgment's adjudication of fee entitlement when other issues regarding attorney fees had not yet been determined. *See* ORCP 68C(5)(a) and (b)." 132 Or App at 334 n 8.

We note, however, that ORCP 68 C(5)(a) and (b) provide:

"C(5) **Judgment concerning attorney fees or costs and disbursements.**

"C(5)(a) **As part of judgment.** When all issues regarding attorney fees or costs and disbursements have been determined before a judgment pursuant to Rule 67 is entered, the court shall include any award or denial of attorney fees or costs and disbursements in that judgment.

"C(5)(b) **By supplemental judgment; notice.** When any issue regarding attorney fees or costs and disbursements has not been determined before a judgment pursuant to Rule 67 is entered, any award or denial of attorney fees or costs and disbursements shall be made by a separate supplemental judgment. The supplemental judgment shall be filed and entered and notice shall be given to the parties in the same manner as provided in Rule 70 B(1)."