Argued and submitted May 14, 2001, reversed and remanded for reconsideration January 9, 2002

## Lester STOCKER
### and Dina Stocker,
*Appellants,*

*v.*

## Claire R. KEITH,
individually and as Trustee of the Keith Family Trust
Dated December 14, 1990;
Archway Management, Inc.;
and Archie DuGuid,
*Respondents.*

### 16-98-02539; A108990

38 P3d 283

Marianne G. Dugan argued the cause for appellants. With her on the opening brief was Facaros Dugan Rosas, and with her on the reply brief was Facaros & Dugan.

Joel S. DeVore argued the cause for respondents. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiffs initiated this action for, among other things, violations of the Residential Landlord Tenant Act (RLTA), ORS 90.100 *et seq.*, and the Unlawful Trade Practices Act (UTPA), ORS 646.605 *et seq.* They prevailed on some of the claims, but the trial court declined to award them any attorney fees and awarded them only a portion of their costs. Plaintiffs appeal, assigning error to the trial court's decision concerning attorney fees and costs. We conclude that the trial court erred and reverse and remand for reconsideration.

The relevant facts are not in dispute. Plaintiffs were tenants of a residence owned and managed by defendants. Plaintiffs asserted nine claims against defendants, including two for common-law trespass and six for violations of the RLTA and the UTPA. Plaintiffs alleged that they were entitled to their attorney fees under both the RLTA and the UTPA. Defendants answered, denying all claims and asserting a right to recover attorney fees under the same statutes.

The jury returned a verdict for plaintiffs on three of the nine claims, specifically, two claims for violation of the RLTA and one for violation of the UTPA. The jury awarded damages of $1,090 on those three claims. The trial court entered judgment in favor of plaintiffs on those claims and in favor of defendants on the remaining six claims.

Both sides sought attorney fees and costs. Both sides sought prevailing party fees. And plaintiffs sought an enhanced prevailing party fee. After a hearing, the trial court decided to award attorney fees to no one:

> "Well, I think clearly each side has made a case for entitlement for attorney's fees as to the various claims that they prevailed upon.
>
> "* * * * *
>
> "I do think that it appears this is essentially a wash. And I'm not going to award attorney's fees to either side. The same is true concerning prevailing party fees including enhanced prevailing party fees. Maybe that would warrant a prevailing party fee for $5,000 on behalf of the plaintiffs.

"That is not to say there weren't valid reasons for bringing the case into court to simply take a situation where both sides wound up winning some. Plaintiffs wound up losing some and as a result it's a push. I could make an award to both sides, and they would net out in my view to be essentially equivalent.

"And so it doesn't make any sense for me to do that and have the parties trying to collect from each other or looking for some sort of settlement in that regard."

The trial court further determined that both sides were entitled to recover their costs for the claims on which they had prevailed and made a net award of costs to plaintiffs in the amount of $661.50.

On appeal, plaintiffs first assign error to the trial court's failure to award attorney fees pursuant to the RLTA and the UTPA. According to plaintiffs, both statutes provide for an award of attorney fees to the prevailing party, statutorily defined as the party in whose favor judgment is entered. In this case, they argue, they were the parties in whose favor judgment has been entered; therefore, they are entitled to an award of their attorney fees, as a matter of law. Defendants argue that the decision whether to award attorney fees under both statutes is discretionary, and, in this case, in light of the fact that both sides prevailed on various claims, the court did not abuse its discretion in declining to award any attorney fees.

We generally review a trial court's decision not to award attorney fees for an abuse of discretion. *Torbeck v. Chamberlain,* 138 Or App 446, 910 P2d 389, *rev den* 323 Or 265 (1996). Nevertheless, when the court's decision is predicated not on an exercise of discretion, but, rather, on a legal conclusion, we review that conclusion—and the decision based on it—for errors of law. *Selective Services, Inc. v. AAA Liquidating,* 126 Or App 74, 78-79, 867 P2d 545 (1994).

■ We begin with whether the trial court erred in declining to award attorney fees under the RLTA. ORS 90.255 provides:

"In any action on a rental agreement or arising under this chapter, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs

and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

The statute plainly defines a "prevailing party" as the one in whose favor final judgment is rendered. Even when all parties "prevail" on some claims, when the final judgment is entered in favor of one party, that party has "prevailed" within the meaning of the statute.

Thus, in *Torbeck* the plaintiff landlord asserted seven claims, including a claim for breach of contract. The defendant tenants filed 13 counterclaims. The jury rejected nearly all of the claims and counterclaims, but it found that the tenants had indeed breached the lease agreement and that the landlord had violated three provisions of the RLTA. Both parties were awarded damages on their respective claims, with a net award of $511.77 to the defendants. The trial court denied the defendants' motion for an award of attorney fees under ORS 90.255, and they appealed, arguing that, as the prevailing parties, they were entitled to attorney fees. The plaintiff argued that, because both parties had prevailed to some extent, the result was too inconclusive to permit an award of fees. We disagreed:

"Plaintiff was awarded damages on certain claims, and defendants were awarded damages on certain counterclaims. The result was a net award in favor of defendants in the precise amount of $511.77. There is nothing inconclusive about that result."

*Torbeck,* 138 Or App at 454.

■ In this case, plaintiffs brought a number of claims against defendants, including claims for violation of the RLTA. They prevailed on two of their RLTA claims, and judgment was entered in their favor for a specific amount. Thus, they—and only they—are "prevailing parties" within the meaning of ORS 90.255. *Torbeck,* 138 Or App at 454. The linchpin of the trial court's decision was that both sides prevailed on various claims and that their claims for attorney fees netted out to "a wash." That was error, as a matter of law.

■      We turn to whether the trial court erred in failing to award attorney fees under the UTPA. ORS 646.638(3) provides that "the court may award reasonable attorney fees to the prevailing party in an action under this section." Plaintiffs asserted only one claim under the UTPA, and they prevailed on it. They—and only they—were entitled to their attorney fees. The trial court erred in concluding otherwise, that is, in concluding that both parties prevailed and that their claims for attorney fees essentially offset one another.

■      Plaintiffs next assign error to the trial court's failure to award a prevailing party fee under ORS 20.190(2) and an enhanced prevailing party under ORS 20.190(3). The former statute provides for an award of $500 to the prevailing party in a civil action for damages that proceeded to trial. The latter provides for an award of an additional $5,000 to a prevailing party, depending on a number of factors, including the reasonableness of the parties' claims and defenses and the reasonableness of their conduct in pursuing settlement and during trial.

     Once again, in this case, the trial court based its denial on the erroneous assumption that both plaintiffs and defendants prevailed; indeed, the trial court expressly found that, but for that fact, plaintiffs might well have been entitled to prevailing party fees. Although ORS 20.190 does not define "prevailing party," it makes clear that it provides for an award of additional fees to parties "who ha[ve] a right to recover costs and disbursements" pursuant to the statutes under which the claims for costs and disbursements have been requested. In this case, both the RLTA and the UTPA permit the trial court to award costs and disbursements to plaintiffs—and only to plaintiffs—as the prevailing parties on claims brought under those statutes. It necessarily follows that the trial court erred in denying plaintiffs' request for prevailing party fees on the ground that there were multiple prevailing parties.

■      Finally, plaintiffs assign error to the trial court's decision to offset their claim for costs by defendants' costs. ORS 90.255 provides, in part:

"[R]easonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements * * *."

As we have noted, the statute expressly defines the "prevailing party" as the one in whose name judgment is entered. Accordingly, plaintiffs—and only plaintiffs—were entitled to an award of costs and disbursements under ORS 90.255, and the trial court erred in awarding both parties their costs.

■ Because the issue is certain to arise on remand, we address one additional matter concerning the extent to which a prevailing party is entitled to attorney fees under ORS 90.255. Although the statute provides that attorney fees "*may* be awarded" to the prevailing party, the Supreme Court has held that "normally a 'prevailing party' would be entitled to recover attorney fees, barring unusual circumstances which might arise in any particular case." *Executive Mgt. Corp. v. Juckett*, 274 Or 515, 519, 547 P2d 603 (1976); *see also Gillespie v. Kononen*, 310 Or 272, 274 n 3, 797 P2d 361 (1990) ("While the language of the statute is permissive, barring unusual circumstances a prevailing party normally is entitled to recover fees."); *McKenzie v. Zaklan*, 139 Or App 509, 510, 912 P2d 429 (1996) ("Under ORS 90.255, the prevailing party is entitled to recover attorney fees in the absence of compelling circumstances that make such an award improper.").

■ An "unusual circumstance" exists when the result of the case is "inconclusive," as when the landlord is awarded possession of the premises, but the tenant is awarded damages on a counterclaim. *Marquam Investment Corp. v. Myers*, 35 Or App 23, 31, 581 P2d 545, *rev den* 284 Or 341 (1978). But merely because both parties "prevail" on different claims does not mean that the outcome is "inconclusive." *Torbeck*, 138 Or App at 454.

Defendants acknowledge *Executive Mgt. Corp.* and its progeny, in particular, *Torbeck*. They insist, however, that the enactment of ORS 20.075 has changed the landscape and that those cases implicitly have been overruled. According to defendants, since the enactment of that statute, the decision to award attorney fees has become purely a matter of trial court discretion.

ORS 20.075, enacted in 1995, provides that, in any case in which a statute provides a court with discretion to award attorney fees, the court must consider a number of factors, including the reasonableness of the parties' conduct in the underlying transaction or occurrence; the reasonableness of the claims and defenses asserted; the extent to which an award of attorney fees would deter others from asserting good faith or meritless claims and defenses in similar cases; and the reasonableness of the parties and the diligence of their attorneys during the proceedings, including during settlement of the dispute. ORS 20.075(1). It also provides that the court shall consider "[s]uch other factors as the court may consider appropriate under the circumstances of the case." *Id.*

In *Preble v. Dept. of Rev.*, 331 Or 599, 19 P3d 335 (2001), the Supreme Court explained the effect of the enactment of ORS 20.075 on preexisting judicially created standards for awarding attorney fees. In that case, the applicable statute conferred on the Supreme Court discretion to award attorney fees to taxpayers who prevail on appeals of decisions of the Department of Revenue. *See* ORS 305.447(1). The court began by noting that an award of attorney fees under that statute was subject to ORS 20.075, and that consideration of the factors enumerated in that statute was mandatory. *Preble*, 331 Or at 602. The court also noted that, in an earlier decision, it had determined that " '[w]e usually will exercise our discretion to award attorney fees to the taxpayer when the department's interpretation contradicts the clear meaning of a controlling statute.' " *Id.* at 601-02 (quoting *Swarens v. Dept. of Rev.*, 320 Or 669, 674, 890 P2d 1374 (1995)). The question, the court said, was whether that judicially created standard survived the enactment of ORS 20.075. The court held that it did. Specifically, the court held that ORS 20.075(1)(h) permits the consideration of additional factors not enumerated in the statute and that the factor recognized in its earlier decision simply constituted one such "additional factor that this court usually will deem to be worthy of consideration in these circumstances." *Id.* at 603.

Thus, although defendants are correct that the enactment of ORS 20.075 has significantly changed the legal landscape, they are incorrect in concluding that it implicitly has

overruled *Executive Mgt. Corp.* and its progeny. The rule in RLTA cases that a prevailing party ordinarily is entitled to attorney fees in the absence of unusual circumstances is merely an additional consideration that the court must take into account under ORS 20.075(1)(h).

On remand, therefore, the trial court must reconsider plaintiffs' claim for attorney fees in light of the considerations required by ORS 20.075, along with the rule of *Executive Mgt. Corp.* that, in the absence of unusual circumstances, they are entitled to their reasonable fees.

Supplemental judgment awarding attorney fees and costs reversed and remanded for reconsideration.