Argued and submitted September 9, 2005, affirmed May 16, 2007

# BARBARA PARMENTER LIVING TRUST,
*Plaintiff-Respondent,*

*v.*

## Steve LEMON
and Kymberly Lemon,
*Defendants-Appellants.*

Lane County Circuit Court
120223704; A126429

159 P3d 1174

Brian D. Cox argued the cause for appellants. With him on the briefs was Cox & Associates, LLC.

William E. Flinn argued the cause for respondent. With him on the brief was Hurley, Lynch & Re, P.C.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

Armstrong, J., dissenting.

**ROSENBLUM, J.**

Defendants appeal a supplemental judgment in this action under the Residential Landlord and Tenant Act (RLTA). They assign error (1) to the trial court's designation of both parties as prevailing parties and the award of a prevailing party fee to plaintiff, and (2) to the denial of their request for attorney fees and costs. We conclude that defendants' first assignment of error is not properly before us, and we affirm the denial of defendants' petition for attorney fees.

Defendants rented a duplex from plaintiff. After they vacated the duplex, plaintiff filed an action for breach of the rental contract, negligence, and willful misconduct, seeking $3,852.51 for unpaid rent and damage to the rental property. Defendants asserted counterclaims alleging, among other things, several violations of the RLTA. Defendants sought damages totaling $10,308.50. After a bench trial, the trial court entered a general judgment that awarded $345.00 to plaintiff on the contract claim, awarded $1,396.00 to defendants on two RLTA counterclaims, and resolved each of the remaining claims against the party that asserted it.

Both parties filed statements seeking attorney fees and costs pursuant to ORS 90.255, the statute authorizing attorney fees to "the prevailing party" in RLTA cases.[1] On September 24, 2004, the trial court entered an order designating both parties as prevailing parties and awarding each a prevailing party fee, but the order was silent as to any other costs and it denied both parties' petitions for attorney fees. Defendants filed an appeal from that order. After oral arguments were held on appeal, defendants filed, and we granted, a motion for leave to enter a supplemental judgment, because the trial court's order was not appealable. *See National Mortgage Co. v. Robert C. Wyatt, Inc.*, 154 Or App 306, 311, 961 P2d 894 (1998) (a post-judgment determination of entitlement to attorney fees that is memorialized in an order is

---

[1] ORS 90.255 provides:

"In any action on a rental agreement or arising under this chapter, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

not itself appealable, because it merely "paved the way" for entry of an appealable supplemental judgment that actually awards fees). The trial court entered a supplemental judgment stating the following:

"1.  Plaintiff's request for costs, disbursements and attorney fees pursuant to ORCP 68 is hereby denied for the reasons set forth in this Court's order dated September 24th, 2004 entitled 'Order re: Petitions for Attorney Fees'; and

"2.  Defendants' request for costs, disbursements and attorney fees pursuant to ORCP 68 is hereby denied for the reasons set forth in this Court's order dated September 24th, 2004 entitled 'Order re: Petitions for Attorney Fees.' "

Defendants then filed an amended notice of appeal from the supplemental judgment.

■    In their first assignment of error, defendants challenge the trial court's designation of both parties as prevailing parties and its award of a prevailing party fee to plaintiff. Defendants' challenge is not well taken. The designation of prevailing parties and the award of prevailing party fees are reflected only in the trial court's September 24, 2004, order. The supplemental judgment did not designate any prevailing party and did not award prevailing party fees to either party. On the contrary, it *denied* both parties' requests for costs and thus implicitly denied prevailing party fees as well. *See* ORS 20.190(1), (2) (prevailing party fees are awarded "as a part of the costs and disbursements"). Thus, to the extent that defendants challenge the award of a prevailing party fee to plaintiff, no such award was made. To the extent that defendants challenge the trial court's underlying order designating plaintiff as a prevailing party, the order is not appealable. The designation did not, by itself, award anything to plaintiff, so defendants cannot complain that it affected a substantial right of theirs. *See* ORS 19.205(3) (an order made after a general judgment is entered is appealable only if it affects a substantial right); *cf. National Mortgage Co.*, 154 Or App at 311 (an order is not appealable if it merely paves the way for

entry of a judgment that actually makes an award). Accordingly, we reject defendants' first assignment of error.[2]

■       In their second assignment of error, defendants argue that the trial court abused its discretion in denying their petition for attorney fees.[3] In the order denying the parties' fee petitions, the trial court made the following findings and conclusions:

"1.   Both parties engaged in conduct that both caused and complicated the dispute and prolonged the litigation.

"2.   Both parties presented minor meritorious claims and significant non-meritorious claims.

"3.   Granting an award of attorney fees to either party would merely encourage non-meritorious claims in similar cases.

"4.   An award of attorney fees in this case would not deter others from bringing meritless claims in the future.

"5.   Inadequate settlement offers were made by both parties.

"6.   Having found that each party is a 'prevailing party' under Oregon law, the Court awards each party a prevailing party fee. The Court, however, explicitly declined to award either party an enhanced prevailing party fee. Hence, this category does not impact the Court's attorney fee ruling.

---

[2] The trial court concluded that both parties were prevailing parties under ORS 20.077. However, because the court ultimately did not award plaintiff costs or attorney fees—a ruling that plaintiff does not challenge by way of cross-appeal— and because defendants were eligible for attorney fees whether that statute applies or not, *see Torbeck v. Chamberlain*, 138 Or App 446, 910 P2d 389, *rev den*, 323 Or 265 (1996) (the party who wins the greater damages award is eligible for attorney fees), we need not decide whether the statute applies under the circumstances of this case.

[3] Defendants also argue that the court erred in denying their request for costs. As noted above, the court's September 24, 2004, order awarded both parties a prevailing party fee but was otherwise silent as to costs. The court then denied defendants' request for any costs in the supplemental judgment. The supplemental judgment document was drafted and submitted to the court by defendants' counsel. Thus, responsibility for any error rests with defendants. Consequently, we do not consider whether costs should have been awarded to defendant. *See Lea v. Farmers Ins. Co.*, 194 Or App 557, 563, 96 P3d 359 (2004) ("Invited error cannot serve as the basis for reversal.").

"7.   As the *Stocker* court indicated, a prevailing party is ordinarily entitled to attorney fees in an RLTA case. The Court has considered this factor.

"8.   The outcome sought, the outcome obtained, and the amount of fees sought in this case are all highly disproportional. In her complaint, Plaintiff sought relief in the amount of $2,308.20. She obtained relief in the amount of $345.00. Plaintiff now seeks attorney fees in the amount of $32,270.50. In their answer, Defendants sought a total of $10,308.50 in relief. Defendants obtained relief in the amount of $1,396.00. Defendants now seek attorney fees in the amount of $40,424.42."

In *Executive Mgt. Corp v. Juckett*, 274 Or 515, 519, 547 P2d 603 (1976), the Supreme Court held that, although ORS 90.255 is phrased permissively, barring "unusual circumstances which might arise in any particular case," a prevailing party is entitled to an award of attorney fees. In *Stocker v. Keith*, 178 Or App 544, 551-52, 38 P3d 283 (2002), relying on *Preble v. Dept. of Rev.*, 331 Or 599, 19 P3d 335 (2001), we held that the unusual circumstances doctrine retains vitality despite the enactment of ORS 20.075—the statute governing discretionary attorney fee awards—in 1995. We explained that the doctrine is "merely an additional consideration that the court must take into account under ORS 20.075(1)(h)." *Id.* at 552. ORS 20.075(1)(h) provides that, in determining whether to make a discretionary award of attorney fees, a court shall consider "[s]uch other factors as the court may consider appropriate under the circumstances of the case."

The parties disagree about how the unusual circumstances doctrine is to be considered under ORS 20.075(1)(h). In defendants' view, the doctrine presents a threshold question that a court must consider before any other factors in ORS 20.075. In other words, according to defendants, if the court concludes that unusual circumstances are not present, it must award attorney fees without considering any of the other statutory factors. Plaintiff contends that the unusual circumstances doctrine carries no more weight than any other factor and, thus, even if the case does not involve unusual circumstances, the trial court still has authority to deny attorney fees.

■     In our view, both parties misapprehend the role that the doctrine plays in an analysis under ORS 20.075(1). The doctrine is not, as defendants argue, a threshold issue that must be considered independently of the factors in ORS 20.075(1). On the contrary, depending on the circumstances of a particular case, the matters determined under ORS 20.075(1)(a) through (g)—and any other properly cognizable factor under paragraph (h)—could, individually or collectively, be so "unusual" as to justify denying attorney fees.[4] However, we also disagree with plaintiff's view that fees may be denied even if the circumstances are not unusual. The unusual circumstances doctrine, by its very nature and function, imposes a strong presumption that attorney fees will ordinarily be awarded—a presumption that can be overcome only in unusual circumstances.

Defendants argue that the trial court failed to identify any unusual circumstances.[5] We disagree. Although the court did not expressly state that the facts that it found amounted to unusual circumstances, we conclude that it is sufficiently clear from the court's findings and conclusions that it made that determination. First, the court asserted that it had considered the issue of unusual circumstances. Second, the court found that "[t]he outcome sought, the outcome obtained, and the amount of fees sought in this case are all highly disproportional." The court thus implicitly concluded that the circumstances were unusual in light of the amount of relief that each party ultimately obtained compared with both the relief that each sought and the amount of attorney fees that each sought. The court attributed the discrepancies to the facts that both parties brought only minor

---

[4] Neither we nor the Supreme Court have ever defined the contours of "unusual circumstances." We have previously found only one unusual circumstance, namely, when there is an "inconclusive result" because one party was awarded damages and the other was awarded equitable relief. *Marquam Investment Corp. v. Myers*, 35 Or App 23, 31, 581 P2d 545, rev den, 284 Or 341 (1978); *see also Amatisto v. Paz*, 82 Or App 341, 348, 728 P2d 42 (1986). However, we have never held that an inconclusive result is the only unusual circumstance that would justify denying attorney fees. We conclude that whether circumstances are unusual should be determined on a case-by-case basis. *See Executive Mgt. Corp.*, 274 Or at 519 (referring to "unusual circumstances which might arise in any particular case").

[5] Defendants also raise challenges to the trial court's findings on the factors in ORS 20.075(1)(a) through (g). We reject defendants' arguments without discussion.

meritorious claims and significant meritless claims and that both engaged in conduct that prolonged the litigation.

■ We agree with the court's conclusion. Defendants received less than one-seventh of the amount they sought in relief, and the amount of their attorney fee request was nearly 30 times the amount of their award. Such discrepancies may not, by themselves, be so unusual. But given the trial court's finding that the disparities are attributable to the parties' conduct and assertion of meritless claims, the disparities could have been avoided. We agree with trial court that the circumstances here are sufficiently unusual to justify denying the parties' requests for attorney fees.

Affirmed.

**ARMSTRONG, J.,** dissenting.

The majority concludes that the trial court acted within its discretion in denying an award of attorney fees to defendants who prevailed against plaintiff in an action under the Residential Landlord and Tenant Act (RLTA). Because I believe that the trial court acted outside the range of its discretion, I respectfully dissent.

The majority correctly recognizes that a prevailing party in an action under the RLTA is entitled to recover attorney fees except under unusual circumstances. Here, it concludes that the trial court denied an award of attorney fees to defendants on the ground that they and plaintiff had asserted claims that were inflated and that both parties had incurred fees that were highly disproportionate to the amounts that were reasonably in dispute between them. With respect, I do not believe that defendants' conduct provides a basis on which to deny them an award of fees.

Plaintiff sued defendants for $3,852.51 in unpaid rent and damage to the rental property. Defendants responded with counterclaims that asserted, among other things, several violations of the RLTA, seeking damages of $10,308.50. After trial, the court awarded plaintiff damages totaling less than 10 percent of its claims, and it awarded defendants damages on two RLTA counterclaims totaling slightly more than 10 percent of their claims.

Defendants necessarily incurred attorney fees to respond to plaintiff's claims and to pursue their RLTA counterclaims. I accept the trial court's determination that defendants and plaintiff both engaged in conduct that inflated the attorney fees incurred in the case, and that, had defendants acted more reasonably, they could have achieved the result that they did without incurring as much in attorney fees. Nevertheless, plaintiff began the litigation and is equally responsible with defendants for inflating its cost. Defendants' conduct may provide a basis for the court to reduce the attorney fees that they receive as the prevailing parties in the action; I do not believe that it provides a basis for the court to deny them an award of any fees. I therefore dissent from the majority's conclusion that the trial court acted within its discretion to deny defendants an award of attorney fees.