Argued and submitted January 9, decision of Court of Appeals reversed;
supplemental judgment of circuit court reversed, and case remanded to
circuit court for further proceedings October 9, 2008

## BARBARA PARMENTER LIVING TRUST,
*Respondent on Review,*

*v.*

## Steve LEMON
and Kymberly Lemon,
*Petitioners on Review.*

(CC 12-02-23704; CA A126429; SC S054971)

194 P3d 796

Brian D. Cox, of Cox & Associates, LLC, Eugene, argued the cause and filed the brief for petitioners on review.

William E. Flinn, of Hurley, Lynch & Re, PC, Bend, argued the cause for respondent on review.

KISTLER, J.

**KISTLER, J.**

This case arises out of a landlord-tenant dispute. The trial court ruled in landlord's favor on one of its claims and in tenants' favor on two of their claims. The court designated both landlord and tenants as prevailing parties but declined to award either of them attorney fees. Tenants appealed, arguing that they were the only prevailing parties and that the trial court should have awarded them attorney fees. A divided panel of the Court of Appeals affirmed. *Barbara Parmenter Living Trust v. Lemon*, 212 Or App 669, 159 P3d 1174 (2007). We allowed tenants' petition for review and now reverse the Court of Appeals decision and the trial court's judgment and remand this case to the trial court for further proceedings.

Landlord brought this action against tenants, alleging claims for breach of the rental agreement and waste. Tenants answered and alleged counterclaims for unlawful entry, ouster, unlawful disposition of personal property, and unlawful debt collection practices. After a bench trial, the trial court ruled in landlord's favor on its claim for breach of the rental agreement and awarded it $345 in damages. The court ruled in tenants' favor on their unlawful entry and ouster counterclaims and awarded them $1,396 in damages. The court ruled against both parties on their remaining claims. The court entered a general judgment reflecting those rulings. Neither party appealed from that judgment.

After the trial court entered the general judgment, both parties sought prevailing party fees, costs, disbursements, and attorney fees. After considering the parties' arguments, the trial court issued an order that addressed two issues. First, it rejected tenants' argument that, under ORS 90.255, it should designate only one prevailing party and agreed with landlord that, under ORS 20.077, both tenants and landlords were prevailing parties. Second, although tenants and landlord were both eligible as prevailing parties to recover their attorney fees under ORS 90.255, the trial court declined to award either party any fees. The court reasoned:

> "1. Both parties engaged in conduct that both caused and complicated the dispute and prolonged the litigation.

"2. Both parties presented minor meritorious claims and significant non-meritorious claims.

"3. Granting an award of attorney fees to either party would merely encourage non-meritorious claims in the future.

"4. An award of attorney fees in this case would not deter others from bringing meritless claims in the future.

"5. Inadequate settlement offers were made by both parties.

"6. Having found that each party is a 'prevailing party' under Oregon law, the Court awards each party a prevailing party fee. The Court, however, explicitly declined to award either party an enhanced prevailing party fee. Hence, this category does not impact the Court's attorney fee ruling.

"7. As the *Stocker* [*v. Keith*, 178 Or App 544, 38 P3d 283 (2002),] court indicated, a prevailing party is ordinarily entitled to attorney fees in [a Residential Landlord Tenant Act] case. The Court has considered this factor.

"8. The outcome sought, the outcome obtained, and the amount of fees sought in this case are all highly disproportional. In [its] complaint, [landlord] sought relief in the amount of $2,308.20. [It] obtained relief in the amount of $345.00. [Landlord] now seeks attorney fees in the amount of $32,270.50. In their answer, [tenants] sought a total of $10,308.50 in relief. [Tenants] obtained relief in the amount of $1,396.00. [Tenants] now seek attorney fees in the amount of $40,424.42."

The trial court later entered a supplemental judgment, which denied both parties' requests for "costs, disbursements and attorney fees * * * for the reasons set forth [in the trial court's order]."

Tenants appealed from the supplemental judgment. Landlord did not cross-appeal. On appeal, tenants argued that the trial court had erred in designating landlord as a prevailing party. In tenants' view, there can be only one prevailing party under ORS 90.255, and only they had prevailed. Tenants also argued that the trial court should have awarded them attorney fees. As noted, a divided Court of Appeals affirmed. The majority concluded that tenants' objections to

designating landlord as a prevailing party were not properly before it. *Barbara Parmenter Living Trust*, 212 Or App at 672-73. Regarding tenants' attorney fee claim, the majority agreed with tenants that, except in unusual circumstances, the prevailing party under ORS 90.255 is entitled to fees. *Id.* at 675. The majority concluded, however, that the circumstances that the trial court had identified were sufficiently unusual to warrant denying tenants fees. *Id.* at 676. The dissent would have held that those circumstances provided a basis for reducing a fee award but not a basis for denying fees altogether. *Id.* at 676-77 (Armstrong, J., dissenting). We allowed tenants' petition for review to consider those issues.

■ We begin with tenants' argument that the trial court erred in designating landlord as a prevailing party. Tenants reason that, under ORS 90.255, there can be only one prevailing party and that, because the net award was in their favor, only they prevailed. Landlord responds that ORS 20.077, a later enacted statute, points in a different direction. Landlord argues that, under ORS 20.077, when a case contains multiple fee-generating claims, there are as many prevailing parties as there are fee-generating claims. Because both landlord and tenants prevailed on fee-generating claims, landlord concludes that the trial court correctly designated both of them as prevailing parties.

We need not decide whether ORS 90.255 contemplates only one prevailing party and, if it does, whether the legislature modified that statute when it enacted ORS 20.077. In this case, tenants' challenge to designating landlord as a prevailing party presents a purely academic issue. The designation has not resulted in any harm to tenants. More particularly, designating landlord as a prevailing party has not resulted in tenants having to pay landlord any costs or fees;[1] it did not preclude the trial court from also designating tenants as prevailing parties; and it played no role in the trial court's decision not to award tenants attorney fees. It follows that the question that tenants urge us to decide—

---

[1] In its order, the trial court stated that each party was entitled to a prevailing party fee. The supplemental judgment, however, did not award either party any costs, fees, or disbursements. The Court of Appeals concluded that the supplemental judgment superseded the order, *Barbara Parmenter Living Trust*, 212 Or App at 672, and tenants have not challenged that conclusion on review.

whether the trial court erred in designating landlord as a prevailing party—presents only an abstract question, which we decline to reach. *See Davis v. Board of Parole*, 341 Or 442, 448, 144 P3d 931 (2006) (declining to decide issue when neither party had an interest in it).[2]

■ Tenants raise another issue on review. Relying on *Executive Mgt. Corp. v. Juckett*, 274 Or 515, 547 P2d 603 (1976), tenants argue that under ORS 90.255 a prevailing party should receive attorney fees except in unusual circumstances. They contend that the trial court erred in determining that the circumstances in this case were sufficiently unusual to deny them any fees. Landlord responds that a later enacted statute, ORS 20.075, gives trial courts greater latitude in deciding whether to award fees and that, in light of ORS 20.075, *Juckett*'s interpretation of ORS 90.255 is either no longer good law or of minimal significance.

In analyzing that issue, we begin with the text of ORS 90.255. We then discuss this court's decision in *Juckett* and turn finally to the effect of ORS 20.075. ORS 90.255 provides, in part:

> "In any action on a rental agreement or arising under this chapter, reasonable attorney fees * * * may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary."

The text of ORS 90.255 says that a trial court "may" award the prevailing party attorney fees in an action on a rental agreement or arising under ORS chapter 90. It does not say that trial courts must award the prevailing party fees unless unusual circumstances are present. Tenants argue, however, that the following passage from *Juckett* requires that we read the statutory text to say something different:

> "The [tenant] also argues that '[t]he award of attorney's fees under [ORS 90.255] is permissive, not mandatory, and the court need not award fees in every case.' However, we conclude that normally a 'prevailing party' would be entitled to

---

[2] If landlord had cross-appealed and argued that it was entitled to fees or costs as a prevailing party, then the question whether the trial court erred in designating landlord as a prevailing party would present a live issue. Landlord, however, did not cross-appeal from the supplemental judgment.

recover attorney fees, barring unusual circumstances which might arise in any particular case."

*Id.* at 519. Tenants argue that this passage from *Juckett* establishes that, under ORS 90.255, trial courts must award prevailing parties attorney fees except in unusual circumstances.

The passage from *Juckett* is not a model of clarity. The sentence on which tenants rely contains two qualifiers. It says that "normally" a prevailing party will be entitled to fees "barring unusual circumstances." The use of the word "normally" implies that the proposition—that a prevailing party will receive fees barring unusual circumstances—does not always apply and that reasons other than unusual circumstances will justify a court's decision not to award fees. If we give both phrases—"normally" and "barring unusual circumstances"—meaning, then the sentence on which tenants rely reduces to a preference for a fee award to the prevailing party, not a mandate to award fees. That reading, not the one that tenants advance, is the only reading that arguably can be squared with the legislature's use of "may" in ORS 90.255.

Not only do tenants read *Juckett* for more than it is worth, but the legislature enacted ORS 20.075(1) after this court decided *Juckett. See* Or Laws 1995, ch 618, § 6 (enacting ORS 20.075). That statute lists eight factors that a court "shall consider * * * in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees." ORS 20.075(1).[3]

---

[3] ORS 20.075(1) provides:

"A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

Among other things, ORS 20.075(1) directs trial courts to consider such factors as the reasonableness of the parties' claims and defenses, the extent to which a fee award would deter others from asserting good faith claims and defenses, and the extent to which a fee award would deter others from asserting meritless claims and defenses.

ORS 20.075(1) defines the terms that a trial court shall consider in exercising its discretion under ORS 90.255. The variety and diversity of those terms confirms that a trial court's exercise of discretion under ORS 90.255 is not limited to determining whether unusual circumstances exist. Rather, it extends to the full range of factors that ORS 20.075(1) requires courts to consider. It follows that the question on review regarding the trial court's fee decision is not whether unusual circumstances exist, as tenants argue; rather, it is whether the trial court abused its discretion in applying the factors set out in ORS 20.075(1).

We begin our analysis of that question by noting that ORS 90.255 authorized the trial court to award the prevailing party attorney fees on four claims: landlord's claim for breach of the rental agreement and tenants' counterclaims for unlawful entry of premises, unlawful ouster, and unlawful disposition of property.[4] Tenants prevailed on two of those claims: (1) unlawful entry of the premises and (2) unlawful ouster. Landlord prevailed on two of those claims: (1) breach of the rental agreement and (2) unlawful disposition of personal property. Of the remaining two claims, tenants prevailed on a claim (waste) for which no fees are authorized and

---

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

[4] ORS 90.255 provides that the prevailing party may recover attorney fees "[i]n any action on a rental agreement or arising under this chapter." Landlord's claim on the rental agreement falls within that statute, and the three counterclaims listed above arise under ORS chapter 90. *See* ORS 90.322 (unlawful entry of premises); ORS 90.375 (unlawful ouster); ORS 90.425 (unlawful disposition of personal property).

lost on a claim (unlawful debt collection practices) for which another statute, ORS 646.641(2), authorizes attorney fees to the prevailing party. The only question before us is whether the trial court abused its discretion in denying tenants fees on the two claims for relief on which they prevailed (unlawful entry and unlawful ouster).

■ The trial court made eight findings in support of its decision to deny tenants fees. Although we review the trial court's decision for abuse of discretion, the terms on which the trial court exercised its discretion must be legally permissible. *See State v. Cox*, 337 Or 477, 490, 98 P3d 1103 (2004) (recognizing that principle); *McCarthy v. Oregon Freeze Dry, Inc.*, 334 Or 77, 92-93, 46 P3d 721 (2002) (reversing fee decision because the premise on which the Court of Appeals based its decision to award the defendant attorney fees was legally incorrect). In this case, the trial court made explicit findings, which aid our review. *Cf. McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998) (on reconsideration) (explaining that, although courts need not make lengthy or complex findings under ORS 20.075(1), courts still "must describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review").

As we explain below, some of the findings that underlie the trial court's decision to deny tenants attorney fees are not legally permissible. Because it is necessary to remand this case to the trial court, we discuss all the trial court's findings to aid its task on remand. We do not discuss the trial court's findings in numerical order. Rather, we have grouped the findings that discuss similar or related factors. We begin with the trial court's second and eighth findings.

■ The trial court's second finding states that "[b]oth parties presented *minor* meritorious claims and *significant* non-meritorious claims."[5] (Emphasis added.) The trial court's

---

[5] We note as an initial matter that, under ORS 90.255, tenants may receive fees only on those fee-generating claims on which they prevailed. In light of that fact, it is difficult to see why the relative size of their meritorious and nonmeritorious claims matters.

eighth finding touches on the same point and sheds further light on the trial court's thinking. That finding states:

"The outcome sought, the outcome obtained, and the amount of fees sought in this case are all highly disproportional. * * * In their answer, [tenants] sought a total of $10,308.50 in relief. [Tenants] obtained relief in the amount of $1,396.00. [Tenants] now seek attorney fees in the amount of $40,424.42."

As we understand the trial court's second and eighth findings, they reflect its conclusion that a fee award is inappropriate in this case because the amount of attorney fees that tenants sought was disproportionate to the amount that they recovered on the two claims on which they prevailed.

■■ The trial court's second and eighth findings are difficult to square with the legislature's decision to authorize a fee award in landlord-tenant actions. Authorizing an award of attorney fees to the prevailing party in landlord-tenant actions removes a barrier—the cost of hiring an attorney—that otherwise might discourage injured parties from bringing small but legitimate claims. As this court has explained in considering statutes similar to ORS 90.255, "[t]he obvious purpose of th[os]e statute[s] is to encourage settlement of damage claims where the amount involved is not large." *Heen v. Kaufman*, 258 Or 6, 8, 480 P2d 701 (1971) (describing purpose of ORS 20.080(1)); *see also Lamy v. Jack Jarvis & Company, Inc.*, 281 Or 307, 313, 574 P2d 1107 (1978) (noting that the purpose of attorney fee provision in ORS 652.200 for unpaid wages is to "assur[e] that one who works in a master and servant relationship, usually with a disparity of economic power * * * shall be assured of prompt payment."). In the absence of such statutes, an " 'injured person might forego action upon a small claim because he realize[s] that, after paying his attorney, his net recovery would not be worth the time and trouble of a vexatious law suit.' " *State ex rel State Scholarship Com'n v. Magar*, 288 Or 635, 639, 607 P2d 167 (1980) (quoting *Colby v. Larson*, 208 Or 121, 126, 297 P2d 1073 (1956)) (describing ORS 20.080(1)).

■ The legislature authorized trial courts to award prevailing parties attorney fees in landlord-tenant actions to encourage litigants to vindicate their statutory rights, even

though the amount recovered may be minor. It follows that the fact that tenants recovered less than they sought on their two fee-generating claims provides no basis to deny them attorney fees on those claims. The principle that underlies the trial court's second and eighth findings does not correspond with any of the seven enumerated factors listed in ORS 20.075(1)(a) to (g). Although ORS 20.075(1)(h) authorizes courts to consider other, nonenumerated factors, the proposition on which the trial court based its second and eighth findings is contrary to the legislature's decision to authorize a fee award in the first place.[6]

■ The trial court's third and fourth findings address a different issue. The third finding states that "[g]ranting an award of attorney fees to [tenants] would merely encourage non-meritorious claims in similar cases." The logic of that finding is at odds with ORS 90.255. Under ORS 90.255, a court may award attorney fees to tenants only on those fee-eligible claims on which tenants prevailed. By definition, awarding a party fees on claims on which it prevailed does not encourage nonmeritorious claims; it encourages meritorious claims. The trial court's third finding does not track any of the enumerated statutory factors set out in ORS 20.075(1)(a) to (g).[7] Although ORS 20.075(1)(h) authorizes courts to consider additional, nonenumerated factors in deciding whether to award fees, that paragraph does not permit courts to base their fee decisions on incorrect legal premises.

■ The trial court's fourth finding states that "[a]n award of attorney fees in this case would not deter others from bringing meritless claims in the future." The court did

---

[6] On remand, if the trial court decides to award tenants fees on the two fee-generating claims on which they prevailed and if it finds that tenants' lawyers expended an unreasonable amount of time on those claims, then the court may always reduce any fee award to reflect that finding. However, the fact that the amount of the claims on which tenants prevailed was "minor" provides no basis for denying fees entirely.

[7] ORS 20.075(1)(d) directs courts to consider "[t]he extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses." In this case, the trial court substituted the word "encourage" for "deter" and did so without recognizing that, under ORS 90.255, fees may be awarded only to a prevailing party.

not explain the basis for its statement, which makes the finding problematic. We note that ordinarily, when a party successfully defends against a fee-generating claim and the claim is meritless, awarding that party (the prevailing party on that claim) attorney fees serves to deter meritless claims in the future.[8] In any event, the trial court's fourth finding does not apply to tenants' fee claims. Rather, by its terms, that finding applies only to a party who successfully defends against a fee-generating claim—something that tenants did not do in this case. It thus appears that the trial court erred in two respects. It denied tenants fees based on a finding that, by its terms, does not apply to tenants' fee claims, and the logic of its finding is problematic, at least without some further explanation.

Each of the trial court's remaining four findings addresses separate issues, and we discuss each in turn. The trial court's first finding states that "[b]oth parties engaged in conduct that both caused and complicated the dispute and prolonged the litigation." That finding appears to be based on two statutory factors—ORS 20.075(1)(a), which directs courts to consider the nature of the conduct that gave rise to the litigation, and ORS 20.075(1)(e), which directs courts to consider the objective reasonableness of the parties' conduct during the litigation.

Regarding the first statutory factor, ORS 20.075(1)(a) directs courts to consider the "conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal." That factor focuses on the nature of the conduct that gave rise to the litigation. For example, if a party's conduct that gave rise to the litigation was "reckless, willful, malicious, in bad faith or illegal" and if the opposing party prevails on a fee-generating claim, then the nature of the losing party's conduct cuts in favor of awarding fees to the prevailing party.

In this case, the trial court found that "[b]oth parties engaged in conduct that * * * caused * * * the litigation."

---

[8] This court has explained, in a related context, that a claim is "meritless when it is entirely devoid of legal or factual support." *Mattiza v. Foster*, 311 Or 1, 8, 803 P2d 723 (1990) (footnote omitted).

That finding adds little to the analysis that ORS 20.075(1)(a) contemplates. That finding does not address whether tenants' conduct was sufficiently blameworthy that it is appropriate to deny them fees entirely on the claims on which they prevailed or whether landlord's conduct was sufficiently reasonable that it is appropriate to reach the same result. It may be that the trial court concluded that both parties' conduct that gave rise to the litigation was sufficiently egregious that neither party should recover fees. However, the trial court did not say that. We need not decide whether that omission would be sufficient to require us to vacate and remand the trial court's fee award if that were the only problem with the trial court's ruling. The problems with the findings discussed above require a remand, and we note that omission so that the trial court can clarify its intent on remand.

The second part of the trial court's first finding states that "[b]oth parties engaged in conduct that * * * complicated the dispute and prolonged the litigation." ORS 20.075(1)(e) directs courts to consider "[t]he objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings." As we understand the second part of the trial court's first finding, the trial court concluded that tenants' lack of objective reasonableness and diligence in conducting this litigation cuts against a fee award, even on the two fee-generating claims on which they prevailed. That finding is consistent with ORS 20.075(1)(e).

The trial court's sixth finding states that, because it had declined to award either party an enhanced prevailing party fee, "this category does not impact the Court's attorney fee ruling." ORS 20.075(1)(g) directs a court to consider the amount of any prevailing party fee that it has awarded, including an award of an enhanced prevailing party fee, in deciding whether to also award attorney fees. Implicit in that factor is the proposition that the amount of an enhanced prevailing party fee, which can be as much as $5,000, may obviate the need to award the prevailing party attorney fees. A related subsection reinforces that point. ORS 20.190(3) lists eight factors that a trial court shall consider in deciding whether to award an enhanced prevailing party fee. Those factors mirror the factors set out in ORS 20.075(1). ORS 20.190(3)(g), for example, directs courts to consider any

award of attorney fees to the prevailing party in deciding whether to also award an enhanced prevailing party fee.

As we understand ORS 20.075(1)(g) and ORS 20.190(3)(g), courts should consider whether awarding a prevailing party both its attorney fees *and* an enhanced prevailing party fee would overcompensate that party. Conversely, the decision not to award enhanced prevailing party fees either is neutral or leaves open the possibility of an award of attorney fees under ORS 20.075(1). In this case, the trial court regarded the absence of an enhanced prevailing party fee as neutral, and we cannot say that it erred in doing so.

The trial court's fifth finding states that "[i]nadequate settlement offers were made by both parties." That finding is based on ORS 20.075(1)(f), which directs courts to consider "[t]he objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute." It is not easy to discern the trial court's reasoning from its finding. The fact that a party offers a low amount to settle a case does not necessarily mean that the party's settlement negotiations were not objectively reasonable or diligent. Much depends on the context in which the negotiations took place, and merely describing the offers as "inadequate" does not shed much light on the factual context that persuaded the trial court that, in this case, tenants' strategy during settlement cuts against a fee award. On remand, further explanation would facilitate meaningful appellate review of the trial court's decision.

The trial court's seventh finding states: "As the *Stocker* court indicated, a prevailing party is ordinarily entitled to attorney fees in [a] RLTA case. The Court has considered this factor." To understand the trial court's seventh finding, it is necessary to describe briefly the Court of Appeals decision in *Stocker*. In that case, the Court of Appeals attempted to reconcile this court's decision in *Juckett* with ORS 20.075(1). *Stocker*, 178 Or App at 551-52. Relying on *Preble v. Dept. of Rev.*, 331 Or 599, 19 P3d 335 (2001), the Court of Appeals held that ORS 20.075(1) superseded the "rule" from *Juckett* that, under ORS 90.255, a prevailing party is entitled to recover its attorney fees except in unusual circumstances. *Stocker*, 178 Or at 551-52. According to the

Court of Appeals, the rule from *Juckett* no longer supplies the governing principle in awarding fees under ORS 90.255; rather, it "is merely an additional consideration that the court must take into account under ORS 20.075(1)(h)." *Id.* at 552. In its seventh finding, the trial court followed the Court of Appeals decision in *Stocker* and considered the rule from *Juckett*.

As explained earlier in this opinion, we do not read *Juckett* as broadly as the Court of Appeals did in *Stocker*. *Juckett* recognizes that a court has discretion to award fees to the prevailing party under ORS 90.255, and the subsequent enactment of ORS 20.075(1) confirms that the terms on which a court may exercise its discretion to deny fees under ORS 90.255 are not limited to unusual circumstances. We also disagree with the Court of Appeals that the reasoning in *Juckett* is something that a trial court "must take into account" under ORS 20.075(1)(h). *See Stocker*, 178 Or App at 552. Rather, subsection (1)(h) requires consideration only of "[s]uch other factors as the court *may* consider appropriate under the circumstances of the case." (Emphasis added.) By its terms, subsection (1)(h) is permissive, not mandatory. *Cf. Preble*, 331 Or at 604 (in reviewing an attorney fee petition, this court exercised its discretion to consider a factor, articulated in an earlier case, that mirrored some of the statutorily enumerated factors).

That said, we think that two statutory factors bear on a related issue. As explained above, the purpose of ORS 90.255 is to encourage litigants in landlord-tenant disputes to vindicate their statutory rights. That purpose can factor into the analysis when a court is deciding whether to award fees to a party who has brought and prevailed on an objectively reasonable claim. *See* ORS 20.075(1)(b) (directing courts to consider that factor). Similarly, that purpose can factor into the analysis when deciding whether an award of attorney fees in this case will deter others from asserting meritless defenses to such claims. *See* ORS 20.075(1)(d) (directing courts to consider that factor). As with all the statutory factors, none is necessarily dispositive, but all must be considered.

Having reviewed the trial court's eight findings that underlie its fee decision, we conclude that four of those factors (the second, third, fourth, and eighth factors) are not legally permissible. Because we cannot say that the trial court would have reached the same conclusion if it had not considered these factors, we reverse the trial court's supplemental judgment and remand for further proceedings. Our holding does not preclude the trial court from reaching the same conclusion on remand. If, however, the trial court reaches the same conclusion, it must do so after considering all the required factors and it must base its decision on terms that are legally permissible under ORS 20.075.

The decision of the Court of Appeals is reversed. The supplemental judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.